Exhibit G

**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*Firearms Technology Industry Services Branch*

Martinsburg, WV

www.atf.gov

DEC 2 2 2015

907010:MCP
3311/304296

Mr. Michael Faucette
Mark Barnes & Associates
1350 I Street NW, Suite 360
Washington, DC 20005

Dear Mr. Faucette:

This refers to your correspondence to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Firearms Technology Industry Services Branch (FTISB), which accompanied your submitted sample of an "Adjustable Pistol Stabilizing Brace" mounted on a semiautomatic pistol. Specifically, you asked whether the subject device could be lawfully installed on a handgun.

As you may be aware, the amended Gun Control Act of 1968 (GCA), 18 U.S.C. § 921(a)(3), defines the term "firearm" to include: *any weapon (including a starter gun) which will or is designed to or may be readily converted to expel a projectile by the action of an explosive…[and] …the frame or receiver of any such weapon….*

Also, with respect to the definitions of "handgun" and "pistol" under Federal statutes and regulations, you may be aware that the GCA, 18 U.S.C. § 921(a)(29), defines "handgun" to mean, in part …*a firearm which has a short stock and is designed to be held and fired by the use of a single hand….*

Additionally, 27 CFR § 478.11, a regulation implementing the GCA, defines "pistol" as …*a weapon originally designed, made, and intended to fire a projectile (bullet) from one or more barrels when held in one hand, and having **(a)** a chamber(s) as an integral part(s) of, or permanently aligned with, the bore(s); and **(b)** a short stock designed to be gripped by one hand and at an angle to and extending below the line of the bore(s).*

Please note also that the GCA, 18 U.S.C. § 921(a)(7), defines the term "rifle" to include …*a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder….*

Finally, the National Firearms Act (NFA), 26 U.S.C. § 5845(a)(3), defines "firearm" to include …*a rifle having a barrel or barrels of less than 16 inches in length….*

-2-

Mr. Michael Faucette

The submitted device (pictured below) utilizes two telescoping metal rods that affix to both sides of an adapter mounted to the rear of a Sig Sauer, Model SIG MPX, 9mm Luger caliber pistol:









Mr. Michael Faucette

The submitted SIG MPX pistol, with adjustable brace installed, has the following attributes:

- Brace adapter attached to rear of pistol frame.
- Adjustable stabilizing brace attached to adapter.
- Pistol weight without brace attached: 81 ounces.
- Pistol weight with brace attached: 105 ounces.
- Distance from rear of frame to end of fully extended brace: approximately 8-1/4 inches.
- Accessory rails.
- Utilizes a detachable magazine (not submitted).
- 9mm Luger caliber, 8-inch barrel with attached flash suppressor.
- Overall length of approximately 25 inches.





Further, the submitted brace contains a series of raised ridges at it its rear (see photo below):



Mr. Michael Faucette

The subject ridges on the rear of the submitted sample serve no functional purpose in the design of a pistol brace; however, the ridges do provide a non-slip, gripping surface, a feature commonly associated with butt stocks/shoulder stocks as well as firearms designed and intended to be fired from the shoulder.  You indicate production models will not have this raised surface so as to preclude its usefulness to be shouldered.

The submitted weapon, as described and depicted above, would be classified as a "pistol" subject to GCA provisions; however, it would not be a "firearm" as defined by the NFA provided the "Adjustable Pistol Stabilizing Brace" is used as originally designed; NOT used as a shoulder stock; ***and*** **the raised ridges are removed from the rear of the brace**.  Please note that if the subject firearm is concealed on a person, the classification with regard to the NFA may change.

We understand that the current design differs from a previously approved design because of a difference in materials used as well as production cost considerations.  We also understand that the device was developed to be shorter than the previous design to allow smaller and/or shorter shooters to effectively utilize a brace.

Central to ATF's determination is your representation that the purpose and intent of your design, as with previously approved designs, is solely to allow shooters—particularly those with disabilities—to better support large handguns or pistols when firing one-handed.  For example, the handgun that you submitted weighs 81 ounces without a magazine installed.  Conventional handguns available to the public typically weigh between 20 and 40 ounces, depending on frame material and frame size, without a magazine installed.  FTISB believes that the designed use provides support for your position that the submitted sample is not actually intended to be used as a shoulder stock.

Your submission would therefore be approved for use on handguns similar to that attached to your submission, provided there are no raised ridges on the rear of the brace.  Its use on smaller, or more conventional handguns, would not be authorized because the purported intent and design offers no benefit for small handguns.

Further, should an individual utilize the "Adjustable Pistol Stabilizing Brace" on the submitted sample as a shoulder stock to fire the weapon from the shoulder, this firearm would then be classified as a "short-barreled rifle" as defined in the NFA, 26 U.S.C. § 5845(a)(3) because the subject firearm, with attached brace, has then been made or remade, designed or redesigned from its originally intended purpose.

In closing, FTISB finds that the submitted sample is approved for use as a pistol stabilizing brace provided the raised ridges are removed from the rear of the device and not added at a later time.

To facilitate return of the submitted item, please provide FTISB with an appropriate FedEx or similar account number within 60 days of receipt of this letter.

Mr. Michael Faucette

We thank you for your inquiry and trust the foregoing has been responsive.

Sincerely yours,

Michael R. Curtis
Chief, Firearms Technology Industry Services Branch