Exhibit J

Commission's rules; the deadline for filing is February 26, 2021. Parties may also file written testimony in connection with their presentation at the hearing, as provided in § 207.24 of the Commission's rules, and posthearing briefs, which must conform with the provisions of § 207.25 of the Commission's rules. The deadline for filing posthearing briefs is March 11, 2021. In addition, any person who has not entered an appearance as a party to the investigations may submit a written statement of information pertinent to the subject of the investigations, including statements of support or opposition to the petition, on or before March 11, 2021. On March 25, 2021, the Commission will make available to parties all information on which they have not had an opportunity to comment. Parties may submit final comments on this information on or before March 29, 2021, but such final comments must not contain new factual information and must otherwise comply with § 207.30 of the Commission's rules. All written submissions must conform with the provisions of § 201.8 of the Commission's rules; any submissions that contain BPI must also conform with the requirements of §§ 201.6, 207.3, and 207.7 of the Commission's rules. The Commission's *Handbook on Filing Procedures,* available on the Commission's website at *https://www.usitc.gov/documents/handbook_on_filing_procedures.pdf,* elaborates upon the Commission's procedures with respect to filings.

Additional written submissions to the Commission, including requests pursuant to § 201.12 of the Commission's rules, shall not be accepted unless good cause is shown for accepting such submissions, or unless the submission is pursuant to a specific request by a Commissioner or Commission staff.

In accordance with §§ 201.16(c) and 207.3 of the Commission's rules, each document filed by a party to the investigations must be served on all other parties to the investigations (as identified by either the public or BPI service list), and a certificate of service must be timely filed. The Secretary will not accept a document for filing without a certificate of service.

**Authority:** These investigations are being conducted under authority of title VII of the Tariff Act of 1930; this notice is published pursuant to § 207.21 of the Commission's rules.

By order of the Commission.

Issued: December 28, 2020.

**William Bishop,**
*Supervisory Hearings and Information Officer.*
[FR Doc. 2020–28986 Filed 12–30–20; 8:45 am]
**BILLING CODE 7020–02–P**

# DEPARTMENT OF JUSTICE

## Bureau of Alcohol, Tobacco, Firearms, and Explosives

[Docket No. 2020R–10W]

## Objective Factors for Classifying Weapons With "Stabilizing Braces"; Withdrawal of Guidance

**AGENCY:** Bureau of Alcohol, Tobacco, Firearms, and Explosives, Department of Justice.

**ACTION:** Notice; withdrawal.

**SUMMARY:** The Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") is announcing the withdrawal of a notice and request for comments entitled "Objective Factors for Classifying Weapons with 'Stabilizing Braces'," that was published on December 18, 2020.

**DATES:** The withdrawal is effective December 31, 2020.

**ADDRESSES:** This Notice also will be made available on the ATF website (*www.atf.gov*).

**FOR FURTHER INFORMATION CONTACT:** Andrew Lange, Office of Regulatory Affairs, Enforcement Programs and Services, Bureau of Alcohol, Tobacco, Firearms, and Explosives, U.S. Department of Justice, 99 New York Ave. NE, Mail Stop 6N–518, Washington, DC 20226; telephone: (202) 648–7070 (this is not a toll-free number).

**SUPPLEMENTARY INFORMATION:** Upon further consultation with the Department of Justice and the Office of the Deputy Attorney General, ATF is withdrawing, pending further Department of Justice review, the notice and request for comments entitled "Objective Factors for Classifying Weapons with 'Stabilizing Braces'," that was published on December 18, 2020. 85 FR 82516. As explained in the notice, the proposed guidance was not a regulation. The notice informed and invited comment from the industry and public on a proposed guidance prior to issuing a final guidance document.

The withdrawal of the guidance does not change any law, regulation, or other legally binding requirement.

**Marvin G. Richardson,**
*Associate Deputy Director.*
[FR Doc. 2020–28930 Filed 12–30–20; 8:45 am]
**BILLING CODE 4410–FY–P**

# DEPARTMENT OF JUSTICE

## Antitrust Division

## United States, et al. v. Harvard Pilgrim Health Care, Inc., et al.; Proposed Final Judgment and Competitive Impact Statement

Notice is hereby given pursuant to the Antitrust Procedures and Penalties Act, 15 U.S.C. 16(b)–(h), that a proposed Final Judgment, Stipulation, and Competitive Impact Statement have been filed with the United States District Court for the District of New Hampshire in *United States and State of New Hampshire* vs. *Harvard Pilgrim Health Care, Inc. and Health Plan Holdings, Inc.,* Civil Action No. 1:20–cv–01183. On December 14, 2020, the United States filed a Complaint alleging that the proposed merger of Harvard Pilgrim Health Care, Inc. and Health Plan Holdings, Inc. (f/k/a Tufts Health Plan, Inc.) would violate Section 7 of the Clayton Act, 15 U.S.C. 18. The proposed Final Judgment, filed at the same time as the Complaint, requires Health Plan Holdings to divest its New Hampshire subsidiary, Tufts Health Freedom Plans, Inc., along with certain tangible and intangible assets.

Copies of the Complaint, proposed Final Judgment, and Competitive Impact Statement are available for inspection on the Antitrust Division's website at *http://www.justice.gov/atr* and at the Office of the Clerk of the United States District Court for the District of New Hampshire. Copies of these materials may be obtained from the Antitrust Division upon request and payment of the copying fee set by Department of Justice regulations.

Public comment is invited within 60 days of the date of this notice. Such comments, including the name of the submitter, and responses thereto, will be posted on the Antitrust Division's website, filed with the Court, and, under certain circumstances, published in the **Federal Register**. Comments should be directed to Eric D. Welsh, Chief, Healthcare and Consumer Products Section, Antitrust Division, Department of Justice, 450 Fifth Street NW, Suite