

Flores Law PLLC
917 Franklin Street, Sixth Floor
Houston, Texas 77002
(713) 893-9440
chadfloreslaw.com

May 24, 2023

United States District Court
for the Northern District of Texas
1100 Commerce Street, Room 1452
Dallas, TX 75242

RE:   *Second Amendment Foundation, Inc., et al. v. ATF et al.*, No. 3:21-cv-00116-B (N.D. Tex.)

Dear Judge Boyle,

Please accept this letter as Plaintiffs' Supplemental Brief in Support of Plaintiffs' Motion for a Preliminary Injunction. *See* Doc. 51 (Plaintiffs' motion); Doc. 55 (Defendants' response); Doc. 59 (Plaintiffs' reply). The Fifth Circuit has issued a critical new decision that supports Plaintiffs' motion and should be accounted for in the Court's decision, which is due any day now.

Plaintiffs' motion seeks a preliminary injunction halting enforcement of President Biden's new "Arm Brace Rule," *Factoring Criteria for Firearms With Attached "Stabilizing Braces,"* 88 Fed. Reg. 6478 (Jan. 31, 2023), because its "rifle" redefinition violates the Administrative Procedure Act, the Due Process Clause, and the Second Amendment, illegally turning millions of law-abiding American "pistol" owners into lawbreaking short-barreled "rifle" owners overnight. *See generally* Docs. 51, 59. To account for the Arm Brace Rule's looming May 31 "compliance date," Plaintiffs have asked the Court to rule as soon as is practicable and well before May 31. Doc. 59 a 1.

Yesterday a three-judge panel of the Fifth Circuit in *Mock v. Garland*, No. 23-10319 (5th Cir), issued a preliminary injunction pending appeal against enforcement of the Arm Brace Rule:

> PER CURIAM:
>
> IT IS ORDERED that the appeal is EXPEDITED to the next available Oral Argument Calendar.
>
> IT IS FURTHER ORDERED that Appellants' Opposed Motion For a Preliminary Injunction Pending Appeal is GRANTED as to the Plaintiffs in this case. *See* FED. R. APP. P. 8; *Nken v. Holder*, 556 U.S. 418 (2009).

The Fifth Circuit's injunction and its antecedent filings are attached to this brief to make the decision's impact as clear as possible as quickly as possible. Though the *Mock* injunction does not technically apply to this case's Plaintiffs, key case parallels make *Mock* effectively decisive here.

The Fifth Circuit's *Mock* preliminary injunction supplies compelling support for the instant Plaintiffs' preliminary injunction request. Since both cases involve the same key claims against the Arm Brace Rule—namely, claims regarding Second Amendment scrutiny under *Bruen* and unconstitutional vagueness—the Fifth Circuit's decision to issue *Mock*'s preliminary injunction shows that a preliminary injunction is warranted here as well. In all relevant respects, the instant Plaintiffs are at least as deserving of a preliminary injunction as the *Mock* plaintiffs; and in all relevant respects, the Defendants' position here is at least as weak as it is in *Mock*.[1] Just like the Fifth Circuit did yesterday in *Mock*, this Court should now enjoin the Arm Brace Rule's enforcement against the instant Plaintiffs.

For these reasons and those already expressed in the motion, and reply, Plaintiffs' Motion for a Preliminary Injunction should be granted as soon as is practicable and well before May 31.

    Respectfully submitted,

    Flores Law PLLC

    */s/ Chad Flores*

    By: Chad Flores
    cf@chadfloreslaw.com
    State Bar No. 24059759
    917 Franklin Street, Sixth Floor
    Houston, Texas 77002
    (713) 893-9444

---

[1] Indeed, the Defendants here have already deemed *Mock* worthy of a guiding role for this Court, since they saw fit to notify the Court of the *Mock* district court decision (denying the *Mock* Plaintiffs' request for a preliminary injunction). *See* Doc. 56.