IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECOND AMENDMENT FOUNDATION, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, *et al.*, <br><br> *Defendants*. | No. 3:21-cv-0116-B |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

Defendants respectfully submit this response to Plaintiffs' supplemental brief filed in support of their preliminary-injunction motion. *See* ECF No. 60.

As Plaintiffs' brief informed the Court, a motions panel of the Fifth Circuit granted in an unpublished order the plaintiffs' motion for an injunction pending appeal in *Mock v. Garland*, No. 23-10319 (5th Cir. May 5, 2023), ECF No. 52-2. But while Plaintiffs suggest that the Fifth Circuit's order in *Mock* supports their request for a preliminary injunction in this case, that order contains no reasoning or explanation for the panel's decision. *See* ECF No. 52-2. It is thus "impossible for this [C]ourt to discern" that court's rationale. *See Doe v. Trump*, 284 F. Supp. 3d 1182, 1185 (W.D. Wash. 2018). Accordingly, the Fifth Circuit's unpublished order is neither binding on this Court, *see Northshore Development v. Lee*, 835 F.2d 580, 583 (5th Cir. 1988) ("[A] motions panel decision is not binding precedent."), nor provides the Court with any guidance in resolving Plaintiffs' pending motion for a preliminary injunction. Additionally, the Fifth Circuit's order limited the scope of the injunction in *Mock* to apply only to the plaintiffs in that case. Therefore, while a preliminary injunction is not

warranted in this case for reasons Defendants have already explained, *see* ECF No. 55, the Fifth Circuit's order underscores that any injunction should apply only to the parties before the Court.

Finally, Plaintiffs attached to their supplemental brief the parties' briefing on the motion for an injunction pending appeal in *Mock*, *see* ECF Nos. 60-2–60-5, essentially submitting an additional 35 pages of argument in support of their preliminary-injunction motion. But Plaintiffs did not seek this Court's permission to file supplemental briefing in support of that motion, which has been fully briefed for over six weeks and for which Plaintiffs had ample opportunity to submit argument. This additional briefing does not comply with this Court's local rules, *see* LR 56.7, and is thus procedurally improper.

Dated: May 25, 2023                Respectfully submitted,

                                   BRIAN M. BOYNTON
                                   Principal Deputy Assistant Attorney General

                                   BRIGHAM J. BOWEN
                                   Assistant Branch Director

                                   */s/ Jody D. Lowenstein*
                                   JODY D. LOWENSTEIN (MT Bar No. 55816869)
                                   MICHAEL DREZNER (VA Bar No. 83836)
                                   TAYLOR PITZ (CA Bar No. 332080)
                                   Trial Attorneys
                                   U.S. Department of Justice
                                   Civil Division, Federal Programs Branch
                                   1100 L Street NW
                                   Washington, DC 20005
                                   Phone: (202) 598-9280
                                   Email: jody.d.lowenstein@usdoj.gov

                                   *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

On May 25, 2023, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the Court's electronic case filing system. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ *Jody D. Lowenstein*
JODY D. LOWENSTEIN
Trial Attorney
U.S. Department of Justice