UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECOND AMENDMENT FOUNDATION, *et al.*, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:21-CV-0116-B |
| BUREAU OF ALCOHOL TOBACCO, FIREARMS, AND EXPLOSIVES, *et al.*, | § § § § § § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiffs' Motion for Preliminary Injunction (Doc. 51). Plaintiffs are two individuals who use handguns with arm braces, a Second Amendment non-profit, and a manufacturer of firearm parts and accessories. Doc. 1, Compl., ¶¶ 4–7. Defendants are the United States Department of Justice ("DOJ"); the Acting Attorney General of the United States, Jeffrey Rosen; the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"); and the ATF Acting Director, Regina Lombardo. *Id.* ¶¶ 9–12. The individual Defendants are sued in their official capacities. *Id.* ¶¶ 10, 12.

Plaintiffs challenge the legality and constitutionality of a rule issued by the ATF. *Id.* ¶¶ 71–82. At a high level of generality, the rule at issue, Factoring Criteria for Firearms with Attached "Stabilizing Braces," 88 Fed. Reg. 6,478 (Jan. 31, 2023) (the "Rule"), classifies handguns with attached arm braces as "short-barreled rifles" and imposes additional restrictions on their use. *See* Doc. 52, Mot. Prelim. Inj. Br., 3–8. In their brief, Plaintiffs argue the Rule (1) exceeds the agency's statutory authority, (2) is arbitrary and capricious, (3) violates the Second Amendment, (4)

is unconstitutionally vague, and (5) cannot lawfully be given immediate effect. *Id.* at 9–17. Plaintiffs seek a preliminary injunction enjoining the DOJ and the ATF from enforcing the Rule against them and postponing the Rule until the conclusion of this case. *See* Doc. 51, Mot. Prelim. Inj.

Plaintiffs are not alone in their concerns regarding the Rule. The Court is aware of at least two other cases in the Northern District of Texas alone where similar plaintiffs—handgun users, non-profits, and/or firearm manufacturers—are challenging the Rule on identical or similar grounds. In one of these cases, brought in the Fort Worth Division, *Mock v. Garland*, 4:23-cv-0095-O (N.D. Tex.) (O'Connor, J.), the court denied a substantially similar motion that asked the court to enjoin the DOJ and the ATF from enforcing the Rule and postpone the Rule. *See Mock v. Garland*, 2023 WL 2711630 (N.D. Tex. Mar. 30, 2023) (O'Connor, J.). On review of that denial, an emergency motions panel for the United States Court of Appeals for the Fifth Circuit enjoined the Rule pending expedited appellate review of the district court's decision. Unpublished Order, *Mock v. Garland*, No. 23-10319 (5th Cir. May 23, 2023), Doc. 52-2. The Fifth Circuit's preliminary injunction extended only to the plaintiffs in that case. *Id.*

Although the Fifth Circuit's order limited relief to the plaintiffs in that case, the Court finds the same relief is appropriate here. As mentioned, the motion in *Mock* and the Motion before the Court are substantially similar. Both seek an injunction enjoining enforcement of the Rule because it violates the Administrative Procedure Act and the Second Amendment. And while Plaintiffs raise some arguments that were not raised in *Mock*, the resolution of that appeal will almost certainly affect, if not control, the Court's decision on Plaintiffs' Motion.

For these reasons, the Court **GRANTS IN PART** the Motion and issues a preliminary injunction as to Plaintiffs in this case only, pending resolution of the expedited appeal in *Mock v.*

*Garland*, No. 23-10319 (5th Cir.). Upon resolution of the appeal in *Mock*, the Court will address the remaining relief Plaintiffs request in their Motion. If necessary, the Court will order additional briefing at that time.

**SO ORDERED**.

**SIGNED: May 25, 2023**.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE