IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECOND AMENDMENT FOUNDATION, INC., RAINIER ARMS, LLC, SAMUEL WALLEY, and WILLIAM GREEN, <br><br> Plaintiffs, <br><br> v. <br><br> BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, STEVEN M. DETTELBACH, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, UNITED STATES DEPARTMENT OF JUSTICE, and MERRICK B. GARLAND, in his official capacity as Attorney General of the United States, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § | Case No. 3:21-cv-00116-B |

**Plaintiffs' Motion for Clarification of the Court's
May 25 Preliminary Injunction Order**

Plaintiffs file this motion for clarification of the Court's existing preliminary injunction. The Court should issue an order clarifying that its existing preliminary injunction, which applies "as to Plaintiffs in this case only," Doc. 62 at 2, applies to both the Second Amendment Foundation, Inc. *and its members*.

## Argument

On May 25, the Court entered a preliminary injunction halting the Defendants' enforcement of President Biden's new "Arm Brace Rule," *Factoring Criteria for Firearms With Attached "Stabilizing Braces,"* 88 Fed. Reg. 6478 (Jan. 31, 2023), against "Plaintiffs in this case only." Doc. 62 at 2. It did so in accordance with the Fifth Circuit's issuance of an essentially parallel preliminary injunction in *Mock v. Garland*, No. 23-10319 (5th Cir. May 23, 2023).

Soon thereafter in *Mock*, the Fifth Circuit issued a clarifying order. *Mock*'s association plaintiff had taken the same position that Plaintiffs here do—that a preliminary injunction applying to "Plaintiffs in this case only" applies to both the association *and its members*. *Mock*'s federal defendants (the defendants here as well) opposed. Even though the association had sued on behalf of itself *and its members*, the defendants denied that the existing *Mock* injunction applied to both the association *and its members*. The Fifth Circuit's clarifying order sided with the plaintiffs and against the defendants. It held that the injunction covered the association plaintiff *and its members*:

> This clarification is granted essentially for the reasons concisely set forth in the May 25, 2023, Plaintiffs-Appellants' Reply to Their Opposed Motion for Clarification of Injunction Pending Appeal. There, the appellants acknowledge that "[a]lthough a nationwide injunction would have functionally addressed the question of scope, on which Plaintiffs now seek clarity, Plaintiffs understand that one was not given . . . . Instead, Plaintiffs merely request clarification on whether their reading of the term 'Plaintiffs' to include the customers and members whose interests Plaintiffs Maxim Defense and Firearms Policy Coalition ('FPC') have represented since day one of this litigation is correct."

> ==That reading is correct.==  Also as requested, the term "Plaintiffs in this case" includes the individual plaintiffs' resident family members.
>
> Any relief beyond what is explicitly requested, which arguably would be tantamount to a nationwide injunction, is DENIED.
>
> Nothing in this order is to be construed as a comment on the merits of any issue that this panel may ultimately address.  ==The limited purpose of this clarification is to preserve the *status quo ante* to provide what the agency defendants term "complete relief" to the parties and persons within the reasonable scope of the motion panel's injunction pending appeal.==  *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979).*

Ex. A at 2, *Mock v. Garland*, No. 23-10319 (5th Cir. May 26, 2023) (emphasis added); *see also* Ex. B (the *Mock* motion for clarification); Ex. C (the *Mock* response to the motion for clarification); Ex. D (the *Mock* motion for clarification reply).

Plaintiffs request that this Court issue a clarification for the instant preliminary injunction that parallels the Fifth Circuit's clarification of the *Mock* preliminary injunction.  For the same reason that the *Mock* preliminary injunction's "Plaintiffs" term covers the Firearms Policy Coalition and its members, the instant injunction's "Plaintiffs" term covers the Second Amendment Foundation and its members.  *See* Doc. 50 at 4 (SAF sues on "behalf of itself" and "on behalf of its members").  An order saying so does not change the scope of relief already issued, but instead just provides clarity to all that will be relying upon the order to arrange their affairs.

## Defendants' Position

Plaintiffs conferred with the Defendants about this motion's requested relief.  The Defendants asked the Plaintiffs to represent their position to the Court exactly as follows:

> Defendants do not oppose Plaintiffs' request that this Court issue an order that clarifies whether its preliminary injunction applies "to Plaintiffs in this case only," ECF No. 62 at 2, or also to non-party "members" of the Second Amendment Foundation. Defendants respectfully submit, however, that it would be improper to extend the Court's preliminary injunction to protect any non-parties, because Plaintiffs have not established, on this record, that the Second Amendment Foundation has standing to seek relief on behalf of any of its alleged "members," or that any such "members" are entitled to preliminary relief.

Those arguments should fail here for the same reason that they failed in *Mock*, all of which accord with the position Plaintiffs here briefed in full to earn the existing preliminary injunction. *See* Doc. 52 (Plaintiffs' main brief); Doc. 59 (Plaintiffs' reply brief).

## Conclusion

The motion should be granted. The Court should enter an order clarifying that the current preliminary injunction, which applies "as to Plaintiffs in this case only," applies to both the Second Amendment Foundation, Inc. and its members.

Respectfully submitted,

FLORES LAW PLLC

By /s/ *Chad Flores*
Chad Flores
cf@chadfloreslaw.com
State Bar No. 24059759
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 893-9440