No. 23-10319

# In the United States Court of Appeals for the Fifth Circuit

WILLIAM T. MOCK; CHRISTOPHER LEWIS;
FIREARMS POLICY COALITION, INCORPORATED, a nonprofit corporation;
MAXIM DEFENSE INDUSTRIES, L.L.C.,

*Plaintiffs-Appellants,*

v.

MERRICK GARLAND, U.S. Attorney General, in his official capacity as
Attorney General of the United States; UNITED STATES DEPARTMENT OF JUSTICE;
BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES;
STEVE DETTELBACH, in his official capacity as the Director of the
Bureau of Alcohol, Tobacco, Firearms and Explosives,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Northern District of Texas, Fort Worth Division
Case No. 4:23-cv-00095-O

**PLAINTIFFS-APPELLANTS' REPLY TO THEIR OPPOSED MOTION
FOR CLARIFICATION OF INJUNCTION PENDING APPEAL**

Cody J. Wisniewski
FPC ACTION FOUNDATION
5550 Painted Mirage Road, Suite 320
Las Vegas, NV 89149
Telephone: (916) 517-1665
Facsimile: (916) 476-2392
cwi@fpchq.org

Erik S. Jaffe
  *Counsel of Record*
Joshua J. Prince
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
Facsimile: (202) 776-0136
ejaffe@schaerr-jaffe.com
jprince@schaerr-jaffe.com

*Counsel for Plaintiffs-Appellants*

# CERTIFICATE OF INTERESTED PERSONS

No. 23-10319
*William T. Mock, et al. v. Merrick Garland, et al.*

I certify that the following persons and entities as described in the fourth sentence of Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made so the judges of this Court may evaluate possible disqualification or recusal:

1) **Plaintiffs-Appellants:**

    William T. Mock

    Christopher Lewis

    Maxim Defense Industries, LLC, a limited liability company, is a wholly owned subsidiary of Maxim Defense Group, Inc., a Florida S-Corp. Maxim Defense Group, Inc., has no parent corporation and there is no publicly held corporation that owns 10% or more of its stock.

    Firearms Policy Coalition, Inc., a nonprofit corporation, has no parent corporation and there is no publicly held corporation that owns 10% or more of its stock.

2) **Defendants-Appellees:**

    Merrick Garland, in his official capacity as Attorney General of the United States

    United States Department of Justice

    Steve Dettelbach, in his official capacity as the Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives

    Bureau of Alcohol, Tobacco, Firearms and Explosives

ii

3)  **Counsel for Plaintiffs-Appellants**:

    COOPER & SCULLY PC
    R. Brent Cooper
    Benjamin David Passey

    FPC ACTION FOUNDATION
    Cody J. Wisniewski

    SCHAERR | JAFFE LLP
    Erik S. Jaffe
    Joshua J. Prince

4)  **Counsel for Defendants-Appellees**:

    Brian M. Boynton
    Brigham J. Bowen
    Benjamin Lewis
    Sean Janda
    Jody Dale Lowenstein
    Michael Drezner
    Taylor Pitz
    Faith E. Lowry

    United States Department of Justice

                                */s/ Erik S. Jaffe*
                                 Erik S. Jaffe

                                 *Counsel of Record for*
                                 *Plaintiffs-Appellants*

The Agencies' response raises several meritless arguments in its attempt to prevent this Court from granting the very limited relief that Plaintiffs' seek—clarification on the scope of this Court's May 23, 2023 Order. At bottom, the Agencies' arguments are less concerned with the Plaintiffs' current request and instead boil down to the Agencies' frustration at this Court's entering any injunction at all. But the Court's decision to enter relief is not currently at issue, the Agencies' attempt to relitigate its supposed harm and it legal position fails for the reasons given in the initial briefing, and Plaintiffs seek no new relief. With those points in mind, for several reasons the Court should clarify the scope of the injunction.

1. The Agencies argue that the injunction's scope is clear. If the injunction is truly as clear as the Agencies suggest, then there will be no harm to the Agencies for the Court to say so. But in any event, the motion for clarification explains not only the ambiguity of the injunction's scope, but also the harms Plaintiffs, including their customers and members, face if the Court does not provide further clarity.

2. The Agencies also suggest that seeking clarification can somehow be a request for an expansion of the injunction. That is incorrect. Although a nationwide injunction would have functionally addressed the question of scope, on which Plaintiffs now seek clarity, Plaintiffs understand that one was not given. Plaintiffs did not even present new argument in their motion. Instead, Plaintiffs merely request clarification on whether their reading of the term "Plaintiffs" to include the

customers and members whose interests Plaintiffs Maxim Defense and Firearms Policy Coalition ("FPC") have represented since day one of this litigation is correct. Indeed, from the start, Maxim Defense has sought relief for itself and its customers. Such relief, as explained, necessarily must flow to intermediaries required by federal law. Likewise, FPC sued on behalf of its members, and has always sought relief for those members. Plaintiffs' natural reading of the injunction, viewed in that light, thus includes those customers, intermediaries, and members. But rather than assuming as much, given that violating the Final Rule carries the risk of criminal sanctions, Plaintiffs asked for clarity. Even the Agencies recognize that an injunction should "provide complete relief to the plaintiffs." Response at 3 (quoting *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979)). As the motion explained, Plaintiffs merely seek to clarify whether the injunction did so as is needed to provide complete relief.

3.   If the Agencies are correct about the scope of the injunction, then the injunction has not provided "complete relief." Start with Maxim Defense. True, whatever the scope of the injunction, Maxim does not have to destroy its inventory of braced pistols. But that does nothing to prevent the harm to its business, including its inability to sell braced pistols as it did before the Final Rule went into effect to pay debts and employees and to obtain new capital. If true that the injunction goes no further than preventing the destruction of Maxim Defense's inventory, then Maxim Defense has not obtained complete relief.

2

The Individual Plaintiffs similarly are left without complete relief if the injunction is as narrow as the Agencies suggest. The Agencies cite *United States v. Smith*, 997 F.3d 215, 219 (5th Cir. 2021) to argue (at 7) that, though family members are unprotected, they face no risk of prosecution if they don't "control[] the firearm," but they ignore the preceding sentence, which explains that "a defendant has constructive possession when he has 'ownership, dominion, or control' over either the firearm itself *or* over the premises in which the firearm is found." *Smith*, 997 F.3d at 219 (emphasis added; citation omitted). Thus the Agencies' own case shows why the Agencies are wrong to argue (at 7) that family members "may . . . protect themselves by not exercising control" over the Individual Plaintiffs' braced pistols—all they must do to face constructive possession charges is have control over the premises. Without clarification, the Individual Plaintiffs' family members are thus at risk.

Likewise, FPC will be left without complete relief if the Agencies' understanding of the injunction's scope is correct. To begin, the Agencies' claim that FPC cannot get relief for its members without the participation of its members fails because both of the Individual Plaintiffs *and* Maxim Defense are FPC members who own or manufacture and sell braced pistols now regulated by the Final Rule. App.12–14 (ECF No. 26). The Agencies' belated attempt to challenge FPC's membership structure also fails, as FPC has already explained that it is a traditional

3

membership organization, and detailed how individuals can become members and what membership means. See Combs Decl. ¶¶ 8–12, App. 147–48 (ECF No. 26). One reason for FPC's involvement in this case—guided by its organizational mission—is to provide relief to its members from unlawful government overreach. Here, it simply seeks clarification about whether the relief it obtained as an organization also protects its members that own braced pistols. That is more than enough for FPC to have associational standing for its members who unquestionably have standing to challenge the Final Rule in their own right. *See Warth v. Seldin*, 422 U.S. 490, 511 (1975) ("Even in the absence of injury to itself, an association may have standing solely as the representative of its members."); *see also Ass'n of Am. Physicians & Surgeons, Inc. v. Tex. Med. Bd.*, 627 F.3d 547, 550 (5th Cir. 2010)); *Nat'l Rifle Ass'n of Am., Inc. v. BATFE*, 700 F.3d 185, 191–92 (5th Cir. 2012).

In short, complete relief even for the Plaintiffs themselves allows Maxim to sell and transfer braced pistols, protects the Individual Plaintiffs' resident family members, and covers FPC members, who are part of FPC. Plaintiffs merely request the clarity to know if the injunction gives them that complete relief.[1]

---

[1] The Agencies are also wrong (at 6) to suggest that Plaintiffs somehow forfeited the clarity they now seek. The motion for an injunction pending appeal (at 21–22) asked for broad, nationwide relief. That request necessarily included lesser claims for relief. But even if it did not, Plaintiffs explained why an injunction to Plaintiffs needed to include everyone in the chain of sale for Maxim

4. For these reasons, although the Agencies attempt to paint the injunction's scope as clear, there are many questions about what a limited construction of the term "Plaintiffs" means on the ground. Indeed, just to explain why the Agencies considered the injunction clear took five pages more than it took to request clarification. The Agencies may be content to live in ambiguity. Little will happen to them if they are left with plausible deniability about the scope of the injunction. But the liberty interests that supported the Court granting the injunction in the first place will not be protected if the Court does not clarify what its injunction does—and what it does not do—vis-à-vis Plaintiffs. To prevent the very harms the Court sought to eliminate, the motion should be granted before May 31st.

Respectfully submitted,

*/s/ Erik S. Jaffe*
Erik S. Jaffe
  *Counsel of Record*
Joshua J. Prince
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
Facsimile: (202) 776-0136
ejaffe@schaerr-jaffe.com
jprince@schaerr-jaffe.com

---

Defense, why it needed to include family members, and why it needed to include FPC's members. *Id.*

        Cody J. Wisniewski
        FPC ACTION FOUNDATION
        5550 Painted Mirage Road, Suite 320
        Las Vegas, NV 89149
        Telephone: (916) 378-5785
        Facsimile: (916) 476-2392
        cwi@fpchq.org

        *Counsel for Plaintiffs-Appellants*

Dated:  May 25, 2023

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. App. P. 25(d) and 5th Cir. R. 25.2.5, I hereby certify that on May 25, 2023, I electronically filed the foregoing reply with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system, which will accomplish service on counsel for all parties through the Court's electronic filing system.

*/s/ Erik S. Jaffe*
Erik S. Jaffe

## CERTIFICATE OF COMPLIANCE

This reply complies with the type volume limitation of Fed. R. App. P. 27(d)(2) because it contains 1198 words.

This reply also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and 5th Cir. R. 32.1 and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Additionally, I certify that (1) any required redactions have been made in compliance with 5th Cir. R. 25.2.13; and (2) the document has been scanned with the most recent version of Microsoft Defender virus detector and is free of viruses.

*/s/ Erik S. Jaffe*
Erik S. Jaffe

Dated: May 25, 2023