UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECOND AMENDMENT FOUNDATION, *et al.*, | § § § § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | CIVIL ACTION NO. 3:21-CV-0116-B |
| BUREAU OF ALCOHOL TOBACCO, FIREARMS, AND EXPLOSIVES, *et al.*, | | |
| Defendants. | | |

## ORDER

Before the Court is Plaintiffs' Motion for Clarification of the Court's May 25 Preliminary Injunction Order. Doc. 63, Mot. Clarification. In their Motion, Plaintiffs ask the Court to clarify that the Court's Preliminary Injunction Order applies "to both the Second Amendment Foundation, Inc. *and its members*." *Id.* at 2. The Court **GRANTS** the Motion (Doc. 63) and clarifies that the Preliminary Injunction Order (Doc. 62) in this case applies to both the Second Amendment Foundation, Inc. ("SAF") and its members.

On May 25, 2023, the Court entered an Order based on the Fifth Circuit's recent unpublished order in *Mock v. Garland*. *See* Doc. 62, Prelim. Inj. Order, 2 (citing Order, *Mock v. Garland*, No. 23-10319 (5th Cir. May 23, 2023), Doc. 52-2). In *Mock*, an emergency motions panel for the Fifth Circuit granted a "Preliminary Injunction Pending Appeal" but limited the injunction to the "Plaintiffs in th[at] case." Order at 2, *Mock v. Garland*, No. 23-10319 (5th Cir. May 23, 2023), Doc. 52-2. The plaintiffs in *Mock* are two Texas residents, a firearms and firearms accessories

manufacturer and retailer, and a member-based nonprofit organization. *See Mock v. Garland*, 2023 WL 2711630, * 3 (N.D. Tex. Mar. 30, 2023) (O'Connor, J.). In a subsequent motion, the *Mock* plaintiffs asked the Fifth Circuit to clarify the injunction's scope. Motion for Clarification, *Mock v. Garland*, No. 23-10319 (5th Cir. May 23, 2023), Doc. 57. After briefing, the Fifth Circuit granted the Motion for Clarification. Order, *Mock v. Garland*, No. 23-10319 (5th Cir. May 26, 2023), Doc. 78-2. The Fifth Circuit clarified that the injunction pending appeal also applied to the plaintiff organizations' "customers and members," as well as the "individual plaintiffs' resident family members." *Id.* at 2. The court further indicated that the purpose of the clarification was simply "to preserve the *status quo ante*" for the "parties and persons within the reasonable scope of the motion panel's injunction pending appeal." *Id.* (citing *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979)).

Here, the Court's Preliminary Injunction Order likewise limited the injunctive relief to "Plaintiffs in this case only, pending resolution of the expedited appeal in *Mock*." Doc. 62, Prelim. Inj. Order, 2–3. Thus, consistent with the Fifth Circuit's order on clarification, the Court clarifies its Order to confirm that the preliminary injunction entered in this case provides relief to both SAF and its members. Here, SAF is suing "on behalf of itself . . . . [and] its members." Doc. 50, First Am. Compl., ¶ 8. Accordingly, SAF's members are reasonably within the scope of the Court's preliminary injunction pending the *Mock* appeal. *See* Order at 2, *Mock v. Garland*, No. 23-10319 (5th Cir. May 26, 2023), Doc. 78-2. A preliminary injunction to the contrary would fail to afford complete relief. *See id.* (granting the motion for clarification "essentially for the reasons concisely set forth in the [Plaintiffs' Reply]"); *see also* Pls.' Reply at 1–5, *Mock v. Garland*, No. 23-10319 (5th Cir. May 25, 2023), Doc. 75 (arguing a narrower interpretation of the injunction would fail to provide "complete relief" to the plaintiffs).

Accordingly, the Motion for Clarification is **GRANTED**, and the Court confirms that its Preliminary Injunction Order (Doc. 62) applies to both SAF and its members.

**SO ORDERED**.

**SIGNED: May 31, 2023**.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE