IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECOND AMENDMENT FOUNDATION, | § | |
| RAINIER ARMS, LLC, SAMUEL | § | |
| WALLEY and WILLIAM GREEN, | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO.  3:21-CV-0116-B |
| | § | |
| BUREAU OF ALCOHOL, TOBACCO, | § | |
| FIREARMS AND EXPLOSIVES, STEVEN | § | |
| DETTELBACH in his official capacity as | § | |
| Director of the Bureau of Alcohol Tobacco | § | |
| and Firearms, U.S. DEPARTMENT OF | § | |
| JUSTICE, and MERRICK GARLAND, in | § | |
| his official capacity as U.S. Attorney General | § | |
| Defendants. | § | |

THE NATIONAL RIFLE ASSOCIATION OF AMERICA'S
PARTIALLY UNOPPOSED MOTION TO INTEREVENE AND
FOR A PRELIMINARY INJUNCTION

The National Rifle Association of America (the "NRA") files this Partially Unopposed

Motion[1] to Intervene under Fed. R. Civ. P. 24(a)-(b) and for a Preliminary Injunction under Fed.

R. Civ. P. 65 (the "Motion") and states the following.

The NRA seeks to intervene in the above-styled action to protect the interests of its

approximately 350,000 Texas members and its over four million of members across the nation

against the infringement of their constitutional rights by the Bureau of Alcohol, Tobacco, Firearms

and Explosives ("ATF"), Steven M. Dettelbach, in his official capacity as Director of the ATF, the

United States Department of Justice, and Merrick B. Garland, in his official capacity as Attorney

---

[1] As explained in the Motion's Certificate of Conference, Plaintiffs (as defined herein) are not opposed to the relief requested herein.  The NRA confirms that it does not intend to seek any alteration to the existing schedule or to re-litigate any issues already determined by the Court.

**NATIONAL RIFLE ASSOCATION OF AMERICA'S PARTIALLY UNOPPOSED MOTION TO INTERVENE AND FOR A PRELIMINARY INJUNCTION**                                                    **Page 1**

General of the United States (together, "Defendants").  In particular, the NRA seeks to intervene to obtain preliminary, and ultimately permanent, injunctive relief restraining Defendants from enforcing the "Factoring Criteria for Firearms with Attached 'Stabilizing Braces'" (the "Final Rule").[2]

As explained in detail in the NRA's Complaint in Intervention, the Brief in Support of Motion to Intervene and for a Preliminary Injunction (the "Brief") accompanying the Motion, and the appendix in support of the Motion, many of the NRA's members are being irreparably harmed by the Final Rule, because they are being forced to modify their firearms, destroy them, register them, or surrender them to the federal government under threat of felony criminal prosecution. The irreparable harm facing the NRA's members can be prevented by this Court in the same way the Court has already protected the Second Amendment Foundation ("SAF") and its members, Rainier Arms, LLC ("Rainier"), Samuel Walley ("Walley"), and William Green ("Green") (together, "Plaintiffs") by granting preliminary injunctive relief.

As explained in the Brief, the Court should grant the NRA's Motion and permit intervention as a matter of right because:

(1) the NRA timely filed the Motion;

(2) the irreparable harm to the NRA's members arising from the Final Rule gives the NRA a significant, legally protectable interest in this litigation;

(3) without intervention, the NRA's ability to protect its members' interests arising from the Final Order would be significantly impaired; and

(4) the parties to this litigation cannot adequately represent the NRA's interests therein as evidenced by the narrow injunctive relief already granted in this case.[3]

---

[2] *See* Final Rule issued by the Bureau of Alcohol, Tobacco, Firearms and Explosives of the U.S. Department of Justice on Jan. 31, 2023, 88 Fed. Reg. 6,478, 6574 (Jan. 31, 2023).

[3] Brief at § III.A., pp. 7-16.

NATIONAL RIFLE ASSOCATION OF AMERICA'S PARTIALLY UNOPPOSED MOTION TO
INTERVENE AND FOR A PRELIMINARY INJUNCTION                                    Page 2

Alternatively, the Court should grant the NRA's Motion and allow permissive intervention because:

(1) the NRA timely filed the Motion;

(2) the NRA's claims in the Complaint in Intervention share common questions of law or fact with the current action; and

(3) the NRA's intervention will not prejudice the rights of any existing party.[4]

Further, upon granting intervention, the Court should grant the NRA and its members the same preliminary injunctive relief it has already found to be necessary to protect the SAF and its members because the similarly situated NRA and its members:

(1) are likely to succeed on the merits;

(2) are suffering irreparable harm;

(3) have shown the balance of equities tips in the NRA's favor; and

(4) have shown the grant of an injunction will not disserve public interest.[5]

## REQUEST FOR RELIEF

In accordance with Rule 24 of the Federal Rules of Civil Procedure and for the reasons stated in the NRA's Brief, the Court should grant the NRA's Motion and permit it to intervene as matter of right, or alternatively permit permissive intervention, so that the NRA can protect is members from the unconstitutional infringement of their rights through the application to them of the Final Rule.  Further, the NRA and its members should be granted the same preliminary injunctive relief as the SAF and its members.

---

[4] Brief at § III.B., pp. 16-20.  In addition, the NRA avers that it does not seek to alter any scheduling order previously entered, nor delay resolution of the case in any matter.

[5] Brief at § III.C., pp. 20-23.

Dated:  June 6, 2023

Respectfully submitted,

**BREWER, ATTORNEYS &
COUNSELORS**

By: */s/ William A. Brewer III*
    William A. Brewer III
    wab@brewerattorneys.com
    Matthew H. Davis
    mhd@brewerattorneys.com
    Noah Peters (*pro hac vice* to be filed**)**
    nbp@brewerattorneys.com
    BREWER, ATTORNEYS &
    COUNSELORS
    1717 Main Street, Suite 5900
    Dallas, TX 75201
    Telephone: (214) 653-4012

**ATTORNEYS FOR PLAINTIFF THE
NATIONAL RIFLE ASSOCIATION OF
AMERICA**

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for the NRA conferred with counsel for Plaintiffs and counsel for Defendants on June 6, 2023, regarding the relief requested in this Motion.  Plaintiffs are unopposed to the relief requested herein.  Defendants are opposed to the relief requested herein.

*/s/ Matthew H. Davis*
Matthew H. Davis

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via the Court's electronic filing system on this 6th day of June, 2023, upon the following counsel of record:

| | |
|---|---|
| Charles Flores (cflores@beckredden.com) Caleb Rawls (calebrawls@gmail.com) | Brian Walters Stoltz (brian.stoltz@usdoj.gov) Jody D. Lowenstein Jody.d.lowenstein@usdoj.gov) |
| *Counsel for Plaintiffs* | *Counsel for Defendants* |

*/s/ Matthew H. Davis*
Matthew H. Davis