**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SECOND AMENDMENT FOUNDATION,** *et al.*, | § § § | |
| **Plaintiffs,** | § § | |
| **vs.** | § § | **CIVIL ACTION NO.  3:21-CV-0116-B** |
| **BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,** *et al.*, | § § § | |
| **Defendants.** | § § | |

**THE NATIONAL RIFLE ASSOCIATION OF AMERICA'S
BRIEF IN SUPPORT OF PARTIALLY UNOPPOSED MOTION TO INTEREVENE
AND FOR A PRELIMINARY INJUNCTION**

**BREWER, ATTORNEYS &
COUNSELORS**

By:  */s/ William A. Brewer III*
William A. Brewer III
State Bar of Texas No. 02967035
wab@brewerattorneys.com
Matthew H. Davis
State Bar of Texas No. 24069580
mhd@brewerattorneys.com
Noah Peters (*pro hac vice* to be filed**)**
nbp@brewerattorneys.com
BREWER, ATTORNEYS &
COUNSELORS
1717 Main Street, Suite 5900
Dallas, TX 75201
Telephone: (214) 653-4012

**ATTORNEYS FOR PLAINTIFF THE
NATIONAL RIFLE ASSOCIATION OF
AMERICA**

NATIONAL RIFLE ASSOCATION OF AMERICA'S BRIEF IN SUPPORT OF PARTIALLY UNOPPOSED MOTION TO INTERVENE AND FOR A PRELIMINARY INJUNCTION

i

## <u>TABLE OF CONTENTS</u>

I. SUMMARY OF THE ARGUMENT ................................................................................1

II. FACTUAL BACKGROUND ....................................................................................3

    A.    Plaintiffs Requested Preliminary And Permanent Injunctive Relief Related To The Final Rule. ....................................................................................3

    B.    The NRA's Members Face The Same Irreparable Harm As Plaintiffs. .................4

    C.    The Court Issues The Clarified Injunction Order Enjoining Defendants From Enforcing The Final Rule As To A Narrow Class Of Gunowners, Which Does Not Include The NRA's Members. ....................................................6

    D.    The NRA Files This Motion To Intervene In This Case To Protect The Interests Of Its Members By Obtaining Preliminary Injunctive Relief. .................6

III. ARGUMENT AND AUTHORITIES ........................................................................7

    A.    The NRA Is Entitled To Intervene As A Matter Of Right.......................................7

        1.    The NRA timely filed its Motion....................................................................9

        2.    The NRA has an interest relating to the subject of this action..................13

        3.    Absent intervention, the NRA's ability to defend its members' interests will be impaired. ....................................................................14

        4.    Neither the interests of the NRA nor its members are adequately represented by Plaintiffs. ....................................................................15

    B.    In The Alternative, The NRA Is Entitled To Permissive Intervention. .................17

        1.    The NRA timely filed its Motion..................................................................18

        2.    The claims of the NRA and its members share common questions of law and fact with the existing case. ....................................................18

        3.    The NRA's intervention will not prejudice the original parties, and the Court should exercise its discretion to allow permissive intervention. ....................................................................19

    C.    The NRA Is Entitled To Injunctive Relief Expanding The Existing Preliminary Injunction By Prohibiting Defendants From Enforcing The Final Rule Against Its Members. ....................................................................21

        1.    The NRA Is Likely To Succeed On The Merits. .........................................22

        2.    The NRA Is Suffering Irreparable Harm. .................................................23

        3.    The Threatened Injury If An Injunction Is Denied Outweighs Any Harm From Granting The Injunction.................................................23

        4.    The Grant Of An Injunction Will Not Disserve The Public Interest. ........24

IV. CONCLUSION AND REQUEST FOR RELIEF ..................................................24

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*100Reporters LLC v. United States Dep't of Just.*,
  307 F.R.D. 269 (D.D.C. 2014) ............................................................................................20

*Action All. of Senior Citizens of Greater Philadelphia v. Heckler*,
  789 F.2d 931 (D.C. Cir. 1986) ............................................................................................12

*Adam Joseph Res. (M) Sdn. Bhd. V. CNA Metals Ltd.*,
  919 F.3d 856 (5th Cir. 2019) .................................................................................... *passim*

*Barnes v. Security Life of Denver Ins.*,
  945 F.3d 1112 (10th Cir. 2019) ..........................................................................................14

*Berger v. N. Carolina State Conf. of the NAACP*,
  142 S. Ct. 2191 (2022) .......................................................................................................19

*Brumfield v. Dodd*,
  749 F.3d 339 (5th Cir. 2014) ..............................................................................................14

*Ceres Gulf v. Cooper*,
  957 F.2d 1199 (5th Cir. 1992) ............................................................................................14

*Ctr. for Biological Diversity v. U.S. Bureau of Land Mgmt.*,
  266 F.R.D. 369 (D. Ariz. 2010) .........................................................................................13

*Daniels Health Servs., L.L.C. v. Vascular Health Svcs., L.L.C.*,
  710 F.3d 579 (5th Cir. 2013) ..............................................................................................21

*DeOtte v. Azar*,
  332 F.R.D. 173 (N.D. Tex. 2019) .........................................................................................7

*Entergy Gulf States Louisiana, L.L.C. v. EPA*,
  817 F.3d 198 (5th Cir. 2016) ...............................................................................15, 16, 17

*Franciscan All., Inc. v. Azar*,
  414 F. Supp. 3d 928 (N.D. Tex. 2019) ...............................................................................13

*Havens Realty Corp. v. Coleman*,
  455 U.S. 363 (1982) ............................................................................................................12

*Janvey v. Alguire*,
  647 F.3d 585 (5th Cir. 2011) ..............................................................................................22

*John Doe 1 v. Glickman*,
    256 F.3d 371 (5th Cir. 2001) ........................................................................ *passim*

*League of United Latin Am. Citizens, Counsel No. 4434 v. Clements*,
    884 F.2d 185 (5th Cir. 1989) .................................................................... 3, 17

*Meridian Homes Corp v. Nicholas W. Prassas & Co.*,
    683 F.2d 201 (7th Cir. 1982) ............................................................................ 16

*Miss. Power & Light Co. v. United Gas Pipe Line*,
    760 F.2d 618 (5th Cir. 1985) ............................................................................ 21

*Mock v. Garland*,
    No. 23-10319 (5th Cir 2023) ...................................................................... *passim*

*Ross v. Marshall*,
    426 F.3d 745 (5th Cir. 2005) .................................................................... 11, 19

*Russell v. Harris Co., Tx.*,
    Civil Action No. H-19-226, 2020 WL 6784238 (S.D. Tex. Nov. 18, 2020) ........................... 20

*Sierra Club v. Espy*,
    18 F.3d 1202 (5th Cir. 1994) .............................................................. 9, 10, 11

*Stallworth v. Monsanto Co.*,
    558 F.2d 257 (5th Cir. 1977) .................................................................... 17, 18

*State of Tex., et al. v. U.S. Bureau of Alcohol, Tobacco, Firearms and Explosive,
    et al.*,
    Civil Action No. 6:23-cv-00013 (S.D. Tex. May 31, 2023), Doc. 51 ........................ 2, 6, 22

*Sw. Ctr. For Biological Diversity v. Berg*,
    268 F.3d 810 (9th Cir. 2001) .............................................................................. 7

*Trans World Airlines, Inc. v. Mattox*,
    712 F. Supp. 99 (5th Cir. 1989) ................................................................ 13, 19, 22

*United States v. City of Los Angeles*,
    288 F.3d 391 (9th Cir. 2002) .............................................................................. 7

*Utah Ass'n of Counties v. Clinton*,
    255 F.3d 1246 (10th Cir. 2001) ................................................................ 11, 19

*VanDerStok v. BlackHawk Mfg. Grp. Inc.*,
    No. 4:22-cv-00691-O, 2022 WL 16680915 (N.D. Tex. Nov. 3, 2022) .................. 13, 19, 22

*Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Comm'n*,
    834 F.3d 562 (5th Cir. 2016) ............................................................................ 18

*Winter v. NRDC*,
   555 U.S. 7 (2008) ...................................................................................................22

**Statutes**

5 U.S.C. § 553(d) ........................................................................................................22

**Other Authorities**

88 Fed. Reg. 6478, 6574 (Jan. 31, 2023) ........................................................... *passim*

U.S. Const, Amend. II ........................................................................................1, 2, 20, 22

Black's Law Dictionary 555 (3d Pocket ed. 2006) .........................................11, 19

Federal Rules of Civil Procedure Rule 24(a) ..................................................7, 8, 13, 14

Federal Rules of Civil Procedure Rule 24(b) ........................................................3, 17

The National Rifle Association of America (the "NRA") files this Brief in Support of Partially Unopposed Motion[1] to Intervene and for a Preliminary Injunction (the "Motion"), as follows:

## I.

## SUMMARY OF THE ARGUMENT

The NRA seeks to intervene in the above-styled action to protect the interests of its members against the infringement of their constitutional rights by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), Steven M. Dettelbach, in his official capacity as Director of the ATF, the United States Department of Justice, and Merrick B. Garland, in his official capacity as Attorney General of the United States (together, "Defendants").  In particular, the NRA seeks to intervene to obtain preliminary, and ultimately permanent, injunctive relief restraining Defendants from enforcing the "Factoring Criteria for Firearms with Attached 'Stabilizing Braces'" (the "Final Rule").[2]

The NRA represents millions of members across the nation, including approximately 350,000 members in Texas, in preserving and defending the Second Amendment rights of gun owners.  As explained in detail in the NRA's Complaint in Intervention (the "Complaint in Intervention"), many of its members are being irreparably harmed by the Final Rule, because they are being forced to modify their firearms, destroy them, register them, or surrender them to the federal government under threat of felony criminal prosecution—injuries for which there are no adequate remedies.

---

[1] As explained the Certificate of Conference in the Motion, Plaintiffs (as defined herein) do not oppose the relief requested by the NRA.  Defendants (as defined herein) oppose the NRA's requested relief.

[2] *See* Final Rule issued by the Bureau of Alcohol, Tobacco, Firearms and Explosives of the U.S. Department of Justice on Jan. 31, 2023, 88 Fed. Reg. 6478, 6574 (Jan. 31, 2023).

**NATIONAL RIFLE ASSOCATION OF AMERICA'S BRIEF IN SUPPORT OF PARTIALLY UNOPPOSED MOTION TO INTERVENE AND FOR A PRELIMINARY INJUNCTION**

The irreparable harm facing the NRA's members can be prevented by this Court.  Indeed, other courts have already recognized the irreparable harm arising from the Final Rule,[3] and the Court has already found that granting preliminary injunctive relief to protect against irreparable harm and maintain the status quo is necessary as to the Second Amendment Foundation ("SAF"), Rainier Arms, LLC ("Rainier"), Samuel Walley ("Walley"), and William Green ("Green") (together, "Plaintiffs").  On May 25, 2023, the Court entered its Order enjoining Defendants from enforcing the Final Rule against Plaintiffs (the "Injunction Order")[4] and, on May 31, 2023, entered its Order clarifying the Injunction Order applies to the SAF and its members (the "Clarification Order") (together with the Injunction Order, the "Clarified Injunction Order").[5]

While the NRA wholeheartedly agrees with the Court's decision to enjoin Defendants' attempts to turn law-abiding citizens into potential felons through implementation of the Final Rule, the scope of the injunctive relief granted through the Clarified Injunction Order illustrates that Plaintiffs, who were able to obtain injunctive relief only for their members (in the case of the SAF) and themselves (in the case of Rainier, Walley, and Green), cannot adequately protect the interest of the NRA's members.

The Court should grant the NRA's Motion and permit intervention as a matter of right because: (1) the NRA timely filed the Motion; (2) the irreparable harm to the NRA's members arising from the Final Rule gives the NRA a significant, legally protectable interest in this litigation; (3) without intervention, the NRA's ability to protect its members' interests arising from

---

[3] *See* Order, *State of Tex., et al. v. U.S. Bureau of Alcohol, Tobacco, Firearms and Explosive, et al.*, Civil Action No. 6:23-cv-00013 (S.D. Tex. May 31, 2023), Doc. 51 at p. 7 (the "S.D. Tex. Order") (preliminarily enjoining enforcement of the Final Rule against the plaintiffs in that case and, among others, their members).

[4] Order, Doc. 62 at pp. 2-3.

[5] Order, Doc. 65 at pp. 2-3.

2

the Final Order would be significantly impaired; and (4) the parties to this litigation cannot adequately represent the NRA's interests therein as evidenced by the narrow injunctive relief in the Clarified Injunction Order.[6]

In the alternative, the Court should grant the NRA's Motion and allow permissive intervention because: (1) the NRA timely filed the Motion; (2) the NRA's claims in the Complaint in Intervention share common questions of law or fact with the current action; and (3) the NRA's intervention will not prejudice the rights of any existing party.[7]

Further, upon granting intervention, the Court should grant the NRA and its members the same preliminary injunctive relief it has already found to be necessary to protect the SAF and its members.[8]  As the Court implicitly—and rightly—held as to Plaintiffs in the Clarified Injunction Order, the NRA and its members likewise face irreparable harm arising from implementation of the Final Rule and are, therefore, entitled to preliminary injunctive relief.[9]

## II.

## FACTUAL BACKGROUND

### A.   Plaintiffs Requested Preliminary And Permanent Injunctive Relief Related To The Final Rule.

As explained in Plaintiffs' First Amended Complaint (the "Complaint"), the Final Rule amends the existing definitions of "rifle" in such a way that law abiding citizens cannot objectively

---

[6] *See* Fed. R. Civ. P. 24(b)(1)(B); *Adam Joseph Res. (M) Sdn. Bhd. V. CNA Metals Ltd.*, 919 F.3d 856, 865 (5th Cir. 2019).

[7] *See League of United Latin Am. Citizens, Counsel No. 4434 v. Clements*, 884 F.2d 185, 189 n.2 (5th Cir. 1989).

[8] Order, Doc. 62 at pp. 2-3; Order, Doc. 65 at pp. 2-3.

[9] The NRA is not seeking to relitigate the preliminary injunction decisions that the Court has issued to date and agrees with those decisions, but rather is moving for its own preliminary injunction to expand the existing injunction to protect its members.

3

determine whether their firearms fall under this new definition.[10]  Thus, they are faced with a choice of guessing whether their firearms are compliant (and risking felony prosecution if they guess wrong), modifying them, registering them, surrendering them to the ATF, or destroying them.[11]  Based on numerous allegations of the constitutional infirmities related to the Final Rule, Plaintiffs seek "a judgment preliminarily enjoining [Defendants'] enforcement of the [Final] Rule against Plaintiffs" along with a judgment holding the Final Rule unlawful and setting it aside.[12]

In their Brief in Support of Plaintiffs' Motion for Preliminary Injunction (the "Injunction Motion"), Plaintiffs provided further background regarding the Final Rule and factual support illustrating that: (1) Plaintiffs are likely to succeed on the merits; (2) Plaintiffs are suffering irreparable harm; and (3) the balance of equities tips in Plaintiffs' favor; and (4) the grant of an injunction will not disserve public interest.[13]  Based on their legal arguments and the evidence they submitted, Plaintiffs sought preliminary injunctive relief.[14]

**B.** **The NRA's Members Face The Same Irreparable Harm As Plaintiffs.**

The NRA is a nonprofit corporation and is America's leading provider of gun-safety and marksmanship education for civilians and law enforcement.[15]  The NRA is an organization for all law-abiding gun owners – and serves people of all ages.[16]  The NRA's legal, political and

---

[10] Compl., Doc. 50 at ¶ 4.

[11] *See id.* at ¶¶ 52-56.

[12] *Id.* at ¶¶ 88-90.

[13] Injunction Mot., Doc. 52 at §§ I-III.

[14] *Id.* at §§ I-III., Conclusion.

[15] *See* Compl. in Intervention, Ex. A at ¶¶ 10-11 [P. App'x 004]; *see* Decl. of Charles Cotton ("Cotton Decl."), Ex. B at ¶ 4 [P. App'x 138].

[16] Compl. in Intervention, Ex. A at ¶ 12 [P. App'x 005]; *see* Cotton Decl., Ex. B at ¶¶ 4-5 [P. App'x 138-39].

4

grassroots advocacy is particularly important in the State of Texas.[17] Texas is home to approximately 350,000 NRA members.[18] The NRA is the largest gun rights advocacy group both in Texas and in the nation.[19] Many NRA members, including Carl Carlson, own and utilize stabilizing braces.[20]

Because of the Final Rule, the millions of Americans, including NRA members like Dr. Carlson, who own a pistol and a stabilizing brace, regardless of style or caliber or type of brace, must either dispose of, alter, or register their firearms.[21] If they fail to comply, they face the prospect of felony prosecution, 10 years in prison, and large fines.[22] According to the Congressional Research Service, there are currently between 10 and 40 million stabilizing braces in circulation.[23] The NRA's members, like the members of the SAF that the Court has already held are entitled to protection, are representative of those affected by the Final Rule and face the same irreparable harm.[24]

---

[17] Compl. in Intervention, Ex. A at ¶ 16 [P. App'x 006]; Cotton Decl., Ex. B at ¶ 9 [P. App'x 140].

[18] Compl. in Intervention, Ex. A at ¶ 16 [P. App'x 006]; Cotton Decl., Ex. B at ¶ 9 [P. App'x 140].

[19] *See* Compl. in Intervention, Ex. A at ¶ 9 [P. App'x 004]; Cotton Decl., Ex. B at ¶ 4 [P. App'x 138-39].

[20] Compl. in Intervention, Ex. A at ¶ 17 [P. App'x 006]; Cotton Decl., Ex. B at ¶ 10 [P. App'x 140]; Decl. of Dr. Carl Carlson ("Carlson Decl."), Ex. C at ¶¶ 5-6 [P. App'x 146].

[21] Compl. in Intervention, Ex. A at ¶ 17 [P. App'x 006]; Cotton Decl., Ex. B at ¶ 10 [P. App'x 140]; Carlson Decl., Ex. C at ¶¶ 5-7 [P. App'x 146].

[22] Compl. in Intervention, Ex. A at ¶ 10 [P. App'x 004]; Cotton Decl., Ex. B at ¶ 12 [P. App'x 141].

[23] Congressional Research Service, "Handguns, Stabilizing Braces, and Related Components" (Apr. 19, 2021, available at https://crsreports.gov/product/pdf/IF/IF11763), Ex. F [P. App'x 251].

[24] Compl. in Intervention, Ex. A at ¶ 30 [P. App'x 009]; Cotton Decl., Ex. B at ¶¶ 12-15, 19 [P. App'x 141-42]; Carlson Decl., Ex. C at ¶¶ 5-8 [P. App'x 146].

**C.    The Court Issues The Clarified Injunction Order Enjoining Defendants From Enforcing The Final Rule As To A Narrow Class Of Gunowners, Which Does Not <u>Include The NRA's Members.</u>**

The Clarified Injunction Order prohibits Defendants from enforcing the Final Rule against Plaintiffs, including the SAF and its members.[25]   The Order does not prohibit Defendants from enforcing the Final Rule against the NRA's members.

In issuing the Clarified Injunction Order, the Court recognized that the Fifth Circuit had already enjoined application of the Final Rule against the plaintiffs in *Mock v. Garland*,[26] and found that the same relief granted to the *Mock* plaintiffs is appropriate here, i.e. preliminary injunctive relief as to, among others, the SAF and its members.[27]   Moreover, at least one other court has noted that the Fifth Circuit in *Mock* "necessarily found *sub silentio* that the four elements for a preliminary injunction had been satisfied as to the plaintiffs in that case."[28]   Thus, the Fifth Circuit, at least one other court, and, by implication, this Court, have already held that the elements of injunctive relief are satisfied as to gunowners in nearly identical circumstances to those of the NRA's members.

**D.    The NRA Files This Motion To Intervene In This Case To Protect The Interests Of <u>Its Members By Obtaining Preliminary Injunctive Relief.</u>**

The NRA now seeks to intervene in this case to ensure that the constitutional rights of its members are protected by seeking injunctive relief prohibiting Defendants from enforcing the Final Rule against the NRA and its members.[29]

---

[25] Order, Doc. 62 at pp. 2-3; Order, Doc. 65 at pp. 2-3.

[26] No. 23-10319 (5th Cir 2023).

[27] Order, Doc. 62 at pp. 2-3; Order, Doc. 65 at pp. 2-3.

[28] S.D. Tex. Order at p. 2, n.2.

[29] Compl. in Intervention, Ex. A at Prayer [P. App'x 033-34].

## III.

## ARGUMENT AND AUTHORITIES

### A.   The NRA Is Entitled To Intervene As A Matter Of Right.

"Although the movant bears the burden of establishing its right to intervene, Rule 24 is to be liberally construed" in favor of proposed intervenors.[30]  The decision on intervention requires a "practical undertaking considering the particular facts and circumstances of the case."[31]

"A liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts."[32]  That is, "[b]y allowing parties with a practical interest in the outcome of a particular case to intervene, we often prevent or simplify future litigation involving related issues; at the same time, we allow an additional interested party to express its views before the court."[33]

The Court must accept nonconclusory allegations in support of the Motion as true.[34]

Rule 24(a) of the Federal Rules of Civil Procedure provides that:

On timely motion, the court *must* permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.[35]

---

[30] *CNA Metals*, 919 F.3d at 864 (quoting *Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014) (citation omitted)).

[31] *Id.*

[32] *United States v. City of Los Angeles*, 288 F.3d 391, 397-98 (9th Cir. 2002) (cleaned up).

[33] *Id.*

[34] *DeOtte v. Azar*, 332 F.R.D. 173, 184 (N.D. Tex. 2019) (collecting cases); *Sw. Ctr. For Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001) ("Courts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections.").

[35] Fed. R. Civ. P. 24(a) (emphasis added).

The Fifth Circuit has established a four-factor analysis for evaluating whether a third party may, as a matter of right, intervene in a given case under Rule 24.[36]   First, the third party's application to intervene must be timely.[37]   Second, the third party must possess an interest relating to the action.[38]   Third, it must be that the third party, absent intervention, will have its interests practically impaired or impeded.[39]   Fourth, the third party's interests in the case must not be adequately represented by the current parties.[40]

Here, the NRA seeks to intervene to protect the constitutional rights of its members, which are threatened by the Final Rule and which cannot be adequately represented by the current parties to the action.   The NRA's Motion satisfies all four of the factors set forth by the Fifth Circuit for determining whether a third party is entitled to intervene under Rule 24(a).   *First*, the Motion was filed timely because the Clarified Injunction Order was ultimately issued on May 31, 2023, and the NRA immediately sought to intervene.   Moreover, no parties will be prejudiced if the Court grants the NRA's Motion because this case is in its early stages, with the preliminary injunction being granted just a short time ago, no answer having been filed to date, and no discovery having occurred.   *Second*, the rights of the NRA's members relating to the Final Rule amount to a legally protectable interest that likely will be affected by this litigation.   *Third*, as demonstrated by the narrow scope of the injunctive relief in the Clarified Injunction Order, the NRA's ability to defend and protect its members' rights relating to the Final Rule will be impaired or impeded significantly

---

[36] *CNA Metals Ltd.*, 919 F.3d at 865 (citing *Sierra Club v. Espy*, 18 F.3d 1202, 1204-05 (5th Cir. 1994)); *see also John Doe 1 v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001) (collecting cases).

[37] *See CNA Metals Ltd.*, 919 F.3d at 865.

[38] *See id.*

[39] *See id.*

[40] *See id.*

absent intervention. *Fourth* and finally, only the NRA can adequately represent the unique interests of its members in this case—Plaintiffs plainly cannot adequately represent the interests of the NRA's members because, per the Clarified Injunction Order, the SAF can only assert the harms of its own members, not the NRA's members. Therefore, the Motion should be granted, thereby allowing the NRA to protect its members' interests in this litigation.

**1.      The NRA timely filed its Motion.**

"The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by failure to apply sooner . . . ."[41]  The Fifth Circuit instructs that in evaluating timeliness a court is to consider "four factors: (1) the length of time during which the intervenor actually knew or reasonably should have known of his interest in the case; (2) the extent of prejudice to the existing parties; (3) the extent of prejudice to the would-be intervenor; and (4) unusual circumstances."[42]  These factors "are a framework and 'not a formula for determining timeliness.'"[43]  Here, all four timeliness factors weigh in favor of allowing the NRA to intervene.

**a.      The NRA only recently learned that its members would not be adequately represented by the existing parties.**

"A better gauge of promptness is the speed with which the would-be intervenor acted when it became aware that its interests would no longer be protected by the original parties."[44]  "[T]he timeliness clock runs either from the time the applicant knew or reasonably should have known of

---

[41] *Id.* (quoting *Espy*, 18 F.3d at 1205).

[42] *Id.* (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264-66 (5th Cir. 1977)).

[43] *Glickman*, 256 F.3d at 376 (quoting *Edwards v. City of Houston*, 78 F.3d 983, 1000 (5th Cir. 2001)).

[44] *Espy*, 18 F.3d at 1206.

his [stake in the case into which he seeks to intervene] or *from the time he became aware that his [stake] would no longer be protected by the existing parties to the lawsuit*."[45]

Here, the NRA first learned that the potential interests of its members would not be protected in this case as a result of the Injunction Order and Clarification Order, which were entered on May 25, 2023, and May 31, 2023, respectively.[46] The Complaint in this matter sought, *inter alia*, a preliminary injunction enjoining enforcement of the Final Rule and a judgment holding it unlawful and setting it aside.[47] This relief would have benefitted the NRA and its members. In their Injunction Motion, Plaintiffs sought a generally applicable injunction against any enforcement of the Final Rule.[48] This also would have protected the NRA and its members. Plaintiffs reiterated this request in their reply brief, arguing that the Court "should enter a preliminary injunction enjoining [Defendants] from enforcing" the Final Rule.[49]

But through the Clarified Injunction Order, the Court granted a preliminary injunction limited to the SAF and its members, along with Rainier, Walley, and Green.[50] The NRA understands that the Court may have had good reasons for limiting the scope of preliminary relief in this manner, including the Fifth Circuit's decision in *Mock*,[51] the demanding standards for obtaining a preliminary injunction, and the particular facts of this case. Nevertheless, the point is that the NRA has intervened timely when it became clear that the existing plaintiffs could not

---

[45] *Glickman*, 256 F.3d at 376 (quoting *Edwards*, 78 F.3d at 1000) (emphasis added, brackets in original).

[46] *Espy*, 18 F.3d at 1206 (finding that the potential intervener's stake materialized after a preliminary injunction, not when the relevant complaint was filed); Cotton Decl., Ex. B at ¶ 21 [P. App'x 143].

[47] Compl., Doc. 50 at ¶¶ 88-90.

[48] Injunction Mot., Doc. 52 at p. 22.

[49] Plfs. Reply Br. In Support of Plfs. Mot. for a Preliminary Injunction, Doc. 59 at p. 12.

[50] Order, Doc. 62 at pp. 2-3; Order, Doc. 65 at pp .2-3.

[51] No. 23-10319, Doc. 52 (5th Cir. May 23, 2023).

adequately represent the interests of the NRA and its members in avoiding the extraordinary burdens placed upon them by the Final Rule.  Only with the ultimate entry of the Court's Clarified Injunction Order did it become clear that the existing plaintiffs could not obtain preliminary relief that would protect the rights of the NRA and its members.

Upon learning of the Order, the NRA immediately pursued intervention to ensure that its interests and those of its members could be protected alongside those of Plaintiffs.  Like the intervenor in *CNA Metals*, the NRA "attempted to intervene as soon as it learned that its [members] interest[s] may be in peril."[52]

**b.**     **The existing parties will not be prejudiced by the NRA's intervention.**

This case is in its early stages.  No answer has been filed and no discovery undertaken. More importantly, no party would suffer any prejudice[53] if the Court, in its discretion, agrees that the Motion is timely because the NRA's intervention would not delay the proceedings, nor would it affect any party's legal rights.  Moreover, any potential inconvenience to the existing parties is insufficient to show prejudice.[54]  Indeed, as is the case here, "[i]ntervention should generally be allowed where 'no one would be hurt and greater justice could be attained.'"[55]

**c.**     **The NRA and its members will be prejudiced if the NRA is not permitted to intervene.**

Contrary to the lack of prejudice to the existing parties, the NRA and its members will be severely prejudiced if the NRA is not permitted to intervene.  As explained in detail in the

---

[52] *CNA Metals Ltd.*, 919 F.3d at 865.

[53] *See* BLACK'S LAW DICTIONARY 555 (3d Pocket ed. 2006) (defining "prejudice" as "[d]amage or detriment to one's legal rights or claims").

[54] *See Espy*, 18 F.3d at 1205 ("prejudice must be measured by the delay in seeking intervention, not the inconvenience to the existing parties of allowing the intervenor to participate in the litigation.").

[55] *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005) (quoting *Espy*, 18 F.3d at 1205); *see also Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001) ("Federal courts should allow intervention where no one would be hurt and greater justice could be attained." (internal quotations omitted)).

Complaint in Intervention, the NRA represents millions of members throughout the nation, many of whom, including Dr. Carlson, face the threat of their constitutional rights being infringed and the possibility of felony prosecution as a result of the Final Rule.[56]   The NRA's dues-paying members rely upon it to protect their gun rights through, *inter alia*, filing lawsuits and obtaining judicial relief to protect those rights.[57]   Thus, the NRA's members can only be protected by the NRA in this proceeding.   That is evidenced by the narrow injunctive relief in the Clarified Injunction Order, which prohibits application of the Final Rule only to the SOF and the SOF's members—not the NRA's members.

The NRA will also suffer institutional injury if the SAF's members are granted preliminary relief, but the NRA and its members are denied the exact same relief.[58]   The NRA's members are similarly situated to those of the SAF except with regard to which gun advocacy group they have decided to join.   Just like the SAF's members, the NRA's members rely upon it to protect their gun rights by filing lawsuits and obtaining judicial relief to protect those rights.[59]   The NRA is harmed as an organization when it, and its members, are denied the exact same relief granted to members of the SAF.   Thus, the NRA is not asserting a mere ideological interest in the litigation; rather, the NRA asserts "an injury both concrete and specific to the work in which [it is] engaged"—that of protecting its members' individual gun rights.[60]

---

[56] Compl. in Intervention, Ex. A, at ¶¶ 5, 78 [P. App'x 003, 018]; Cotton Decl., Ex. B at ¶¶ 12-13 [P. App'x 141]; Carlson Decl., Ex. C at ¶¶ 5-8 [P. App'x 146].

[57] Compl. in Intervention, Ex. A, at ¶ 13 [P. App'x 005]; Cotton Decl., Ex. B at ¶ 5 [P. App'x 139].

[58] Cotton Decl., Ex. B at ¶ 20 [P. App'x 142-43].

[59] Compl. in Intervention, Ex. A, at ¶ 13 [P. App'x 005]; Cotton Decl., Ex. B at ¶ 5 [P. App'x 139].

[60] *Action All. of Senior Citizens of Greater Philadelphia v. Heckler*, 789 F.2d 931, 938 (D.C. Cir. 1986); *see also Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982) ("concrete and demonstrable injury to the organization's activities" established where the petitioners' practice of steering prospective buyers to neighborhoods based on their racial character "perceptibly impaired [fair housing organization's] ability to provide counseling and

2.      __The NRA has an interest relating to the subject of this action.__

To establish its right to intervene under Rule 24(a), a third party must demonstrate that it possesses an interest "*relating to* the property or transaction that is the subject of the action."[61] "[T]he interest test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process . . . ."[62]

Here, the NRA has an interest in protecting its members from the unconstitutional overreach embodied by the Final Rule.  The millions of law-abiding firearms owners who are NRA members face the possibility of draconian penalties and irreparable harm without an order enjoining Defendants from enforcing the Final Rule against them.[63]  In fact, the Fifth Circuit, at least one other court, and, implicitly, this Court have already recognized that there is the potential for irreparable harm to firearms owners arising from the application of the Final Rule.[64]  Indeed, courts have held that the NRA has a protectable interest relating to its interest in preventing the imposition of firearms restrictions on its members.[65]  Moreover, intervention for the purpose of expanding injunctive relief to the intervening party and its members is supported by Fifth Circuit and this District's precedent.[66]  Accordingly, because the NRA's members—like the plaintiffs in

---

referral services for low-and-moderate-income homeseekers"; in such circumstances, "there can be no question that the organization has suffered injury in fact.")

[61] Fed. R. Civ. P. 24(a)(2) (emphasis added).

[62] *Glickman*, 256 F.3d at 379 (quoting *Espy*, 18 F.3d at 1207).

[63] *Franciscan All., Inc. v. Azar*, 414 F. Supp. 3d 928, 937 (N.D. Tex. 2019) (intervention appropriate where putative intervenors "seek to intervene based on their associational standing to assert the concrete, particularized, and legally protectable' interests of their individual members.") (cleaned up); Compl. in Intervention, Ex. A, at ¶¶ 5, 78 [P. App'x 003, 018]; Cotton Decl., Ex. B at ¶¶ 12-13 [P. App'x 141]; Carlson Decl., Ex. C at ¶¶ 5-8 [P. App'x 146].

[64] *See* S.D. Tex. Order Doc. 51 at p. 2, n.2 (noting "the Fifth Circuit necessarily found *sub silentio* that the four elements for a preliminary injunction had been satisfied as to the plaintiffs in that case."); Order, Doc. 62 at pp. 2-3; Order, Doc. 65 at pp. 2-3.

[65] *Ctr. for Biological Diversity v. U.S. Bureau of Land Mgmt.*, 266 F.R.D. 369, 373 (D. Ariz. 2010).

[66] *See Trans World Airlines, Inc. v. Mattox*, 712 F. Supp. 99, 103-06 (5th Cir. 1989) (permitting intervention as of right and permissively and expanding scope of injunctive relief); *VanDerStok v. BlackHawk Mfg. Grp. Inc.*, No.

13

*Mock* and Plaintiffs—are firearms owners that face irreparable harm arising from the Final Rule, the Motion satisfies the second element of the Rule 24(a) analysis.

### 3.   Absent intervention, the NRA's ability to defend its members' interests will be impaired.

Demonstrating impairment of the interests of a third party seeking to intervene is a minimal burden.[67]   "[T]he inquiry . . . is a flexible one, which focuses on the particular facts and circumstances surrounding each application; that intervention of right must be measured by a practical rather than technical yardstick."[68]

Here, if the NRA is not allowed to intervene in this action, its members may not be protected from enforcement of the Final Rule against them in a timely and efficient manner. Specifically, its members face the prospect of immediate harm from enforcement of the Final Rule, including being forced to modify their firearms, destroy them, register them, or surrender them to the federal government under threat of felony criminal prosecution.[69]   They will face this threat potentially for many years, as this case works its way through the judicial system.

Indeed, if the Motion is denied, the NRA would be forced to add to the already numerous challenges to the Final Rule by filing another action at additional expense.[70]   The ability to intervene under Rule 24 is intended to prevent the exact multiplicity of overlapping lawsuits to

---

4:22-cv-00691-O, 2022 WL 16680915, at *5 (N.D. Tex. Nov. 3, 2022) (permitting intervention for purpose of expanding previously issued injunctive relief by granting injunctive relief to intervenor and its customers).

[67] *Brumfield*, 749 F.3d at 344, n.2 (citing *Grutter v. Bollinger*, 188 F.3d 394, 399 (6th Cir. 1999) ("To satisfy this element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is *possible* if intervention is denied.  This burden is *minimal*.") (emphasis in original)); *see also Barnes v. Security Life of Denver Ins.*, 945 F.3d 1112, 1123 (10th Cir. 2019).

[68] *Ceres Gulf v. Cooper*, 957 F.2d 1199, 1202 (5th Cir. 1992) (internal quotation marks omitted).

[69] Compl. in Intervention, Ex. A, at ¶¶ 5, 30 [P. App'x 003, 009]; Cotton Decl., Ex. B at ¶¶ 12, 19 [P. App'x 141-42]; Carlson Decl., Ex. C at ¶¶ 5-8 [P. App'x 146].

[70] *See* Cotton Decl., Ex. B at ¶ 24 [P. App'x 144].

which the NRA would be forced to contribute if it is not permitted to intervene here.  As the Fifth Circuit has noted, the potential need to file separate litigation if intervention is denied "is a decisive argument in favor of finding [the NRA's] interest to be impaired."[71]  Accordingly, the NRA's ability to protect the interests of its members will be impaired significantly if the Court denies the NRA the right to intervene.

### 4.      Neither the interests of the NRA nor its members are adequately represented by Plaintiffs.

Although a potential intervening party has the burden of proving inadequate representation by the existing parties, the burden is also "minimal."[72]  "The potential intervener need only show that the representation *may be* inadequate."[73]  "In order to show adversity of interest, an intervenor must demonstrate that its interests diverge from the putative representative's interests in a manner germane to the case."[74]  That burden is met where the potential intervenors "specified the particular ways in which their interests diverged from the party's and then identified the particular way in which these divergent interests have impacted the litigation."[75]

Here, although Plaintiffs and the NRA may have the same ultimate objective—an injunction prohibiting enforcement of the Final Rule and, ultimately, a declaration that the Final Rule should be set aside—Plaintiffs' representation of the NRA's members is certain to be inadequate, because Plaintiffs have no present ability to ensure that the rights of the NRA's members are protected from the infringement of the Final Rule.  As evidenced by the narrow scope

---

[71] *CNA Metals*, 919 F.3d at 867.

[72] *Gluckman*, 256 F.3d at 380 (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)).

[73] *Id.* (quoting *Espy*, 18 F.3d at 1207) (emphasis in original).

[74] *Entergy Gulf States Louisiana, L.L.C. v. EPA*, 817 F.3d 198, 204 (5th Cir. 2016) (quoting *Texas v. United States*, 805 F.3d 653, 662 (5th Cir.2015)).  As *Entergy* noted, *Texas* "was the first time [the Fifth Circuit] clearly explained the meaning of 'adversity of interest.'"  *Id.* at n.4.

[75] *Id.* (cleaned up).

15

of the injunctive relief in the Clarified Injunction Order, Plaintiffs cannot obtain preliminary relief for anyone except themselves and their own members.[76] Plaintiffs' inability to obtain preliminary injunctive relief, though no fault of their own, demonstrates an adversity of interest and conflict between the NRA and Plaintiffs sufficient to justify the NRA's intervention.[77] Despite SAF seeking broader injunctive relief, the current law of the case confirms that SAF will not adequately represent the NRA's interests. Put simply, the NRA's interests are inadequately represented by the existing parties to this litigation as illustrated by the Clarified Injunction Order's implicit holding that Plaintiffs *cannot* represent the interests of the NRA or its members; the Court should grant the NRA's Motion accordingly.

Indeed, the Fifth Circuit has found divergent interests sufficient to justify intervention as of right where, in the absence of intervention, the result would be a "significantly delayed and likely narrower ruling."[78] That is so in this case: in the absence of intervention, any relief that the NRA's members would obtain would be, at a minimum, "significantly delayed" due to their inability to obtain preliminary relief.[79] Further, any final relief would be "likely narrower" because there is a serious risk that Plaintiffs would only obtain relief that would benefit their particular members. The SAF, a group that recruits its own members and engages in its own fundraising, does not have the same incentive to protect the interests of the NRA's members that the NRA does. In obtaining injunctive relief, it cannot assert the same irreparable harm on behalf of its members that the NRA can on behalf of its members—nor does it have an incentive to make a particularized

---

[76] Order, Doc. 62 at pp. 2-3; Order, Doc. 65 at pp. 2-3.

[77] *See Meridian Homes Corp v. Nicholas W. Prassas & Co.*, 683 F.2d 201, 205 (7th Cir. 1982) ("where it is established that the parties have the same ultimate objective in the underlying action, the intervenors must demonstrate . . . that some conflict exists").

[78] *Entergy*, 817 F.3d at 205.

[79] *Id.*

16

showing of irreparable harm on behalf of the NRA and its members.  Even if the existing Plaintiffs were inclined to fulsomely advocate for the NRA's members, however, their legal status means that they simply cannot obtain the same relief that the NRA can.[80]

**B.      In The Alternative, The NRA Is Entitled To Permissive Intervention.**

Although the foregoing demonstrates the NRA is entitled to intervention as a matter of right, it is also entitled to permissive intervention.  Rule 24(b) of the Federal Rules of Civil Procedure provides that: "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact" and where "the intervention will [not] unduly delay or prejudice the adjudication of the original parties' rights."[81]  The Fifth Circuit instructs that permissive intervention is appropriate when: "(1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) the intervention will not unduly delay or prejudice the adjudication of the rights of the original parties."[82]  Put another way, "[d]etermining whether an individual should be permitted to intervene is a two-stage process.  First, the district court must decide whether the applicant's claim or defense and the main action have a question of law or fact in common.  If this threshold requirement is met, then the district court must exercise its discretion in deciding whether intervention should be allowed."[83]

---

[80] *Id*. at 205-206 (the fact that the limits on the representative party's ability to advocate for the intervenor arise from a "legal require[ment] . . . does not mean that these interests cannot impact the case; nor does this fact mean that these interests cannot provide a basis for intervention when [the intervenor's] interest diverge from these interests.")  Here, the divergence in interests between SAF and NRA has already impacted the case: because the SAF did not have the same interest in making a particularized showing of irreparable harm on behalf of the NRA that the NRA did, the preliminary injunction entered to date did not include the NRA or its members within its scope—subjecting the NRA's members to legally-cognizable harms that are irreparable in the absence of immediate injunctive relief.

[81] Fed. R. Civ. P. 24(b)(1)(B)-(C).

[82] *Clements*, 884 F.2d at 189 n.2.

[83] *Stallworth*, 558 F.2d at 264-66.

17

The NRA satisfies each prong required for permissive intervention because: (1) the NRA timely filed the Motion; and (2) the NRA has a claim that shares common questions of law and fact with the existing case; and (3) the NRA's intervention will not unduly delay or prejudice the adjudication of the rights of the original parties to the case.  The Court should exercise its discretion by permitting the NRA to intervene.

1. **The NRA timely filed its Motion.**

As explained in detail above, the NRA timely filed the Motion and satisfies all elements of the four-factor timeliness analysis required by the Fifth Circuit.[84]  Although the timeliness analysis for intervention as of right is "more lenient" than that of permissive intervention, the NRA has demonstrated that it acted immediately upon learning that its members interests might be in peril.[85]  Thus, the NRA timely seeks permissive intervention.

2. **The claims of the NRA and its members share common questions of law and fact with the existing case.**

As explained in detail in the Complaint in Intervention and herein, the NRA represents millions of members throughout the nation, many of whom face the threat of their constitutional rights being infringed and the possibility of felony prosecution as a result of the Final Rule.[86]  The NRA's members, like the members of the SAF that the Court has already held are entitled to protection, are representative of those affected by the Final Rule and face the same irreparable harm.[87]  Moreover, the Complaint in Intervention asserts many of the same claims as the

---

[84] *See supra* § III.A.1.

[85] *See id.*; *Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Comm'n*, 834 F.3d 562, 565-66 n.1 (5th Cir. 2016) (noting "more lenient" timeliness analysis for intervention as of right).

[86] Compl. in Intervention, Ex. A, at ¶¶ 5, 30 [P. App'x 003, 009]; Cotton Decl., Ex. B at ¶¶ 12, 19[P. App'x 141-42]; Carlson Decl., Ex. C at ¶¶ 5-8 [P. App'x 146]; *see supra* §III.A.1.c.

[87] Cotton Decl., Ex. B at ¶¶ 12, 19 [P. App'x 141-42]; Carlson Decl., Ex. C at ¶¶ 5-8 [P. App'x 146].

Complaint based on similar factual allegations regarding the infringement on the NRA's members' constitutional rights by the Final Rule.[88]  Because the NRA's members face the same irreparable harm as the SAF's members arising from the Final Rule's infringement on their constitutional rights, there are inarguably common questions of law and fact between the Complaint and the Complaint in Intervention.[89]

### 3.  The NRA's intervention will not prejudice the original parties, and the Court should exercise its discretion to allow permissive intervention.

As explained in relation to the intervention as of right, this case is in its early stages.  No answer has been filed and no discovery has been undertaken.  No party would suffer any prejudice[90] if the Court, in its discretion, agrees that the NRA's intervention would not delay the proceedings or affect any party's legal rights.  "In matters ranging from civil-rights actions to suits testing the constitutionality of state or federal legislation, federal courts routinely handle cases involving multiple [parties] sometimes represented by different attorneys taking different positions."[91]  Any burdens created by a multiplicity of parties participating in the same suit "fall well within the bounds of everyday case management" and are not a grounds for denying intervention.[92]  Thus, as is the case here, "[i]ntervention should generally be allowed where 'no one would be hurt and greater justice could be attained.'"[93]

---

[88] *See* Compl. in Intervention, Ex. A, at ¶¶ 94-166 [P. App'x 021-33].

[89] *See Mattox*, 712 F. Supp. at 103-06 (5th Cir. 1989) (permitting intervention as of right and permissively and expanding scope of injunctive relief); *VanDerStok*, 2022 WL 16680915, at *5 (permitting intervention for purpose of expanding previously issued injunctive relief by granting injunctive relief to intervenor and its customers).

[90] *See* BLACK'S LAW DICTIONARY 555 (3d Pocket ed. 2006) (defining "prejudice" as "[d]amage or detriment to one's legal rights or claims").

[91] *Berger v. N. Carolina State Conf. of the NAACP*, 142 S. Ct. 2191, 2206 (2022).

[92] *Id.*

[93] *Ross*, 426 F.3d at 753 (5th Cir. 2005) (quoting *Espy*, 18 F.3d at 1205); *see also Clinton*, 255 F.3d at 1250 ("Federal courts should allow intervention where no one would be hurt and greater justice could be attained." (internal quotations omitted).

The Court should exercise its discretion and allow the NRA's permissive intervention. "In deciding whether to allow permissive intervention, district courts consider 'whether the intervenors are adequately represented by other parties and whether they are likely to contribute significantly to the development of the underlying factual issues.'"[94] Both considerations support permissive intervention of the NRA here.

**a.      The NRA is not adequately represented by Plaintiffs.**

As explained in detail above, the NRA and its members are not adequately represented by Plaintiffs and *cannot* be adequately represented by Plaintiffs under the current law of the case.[95] Thus, permissive intervention is necessary to protect the NRA's members.

**b.      The NRA is likely to offer significant contributions to the development of underlying fact issues.**

The NRA's experience in Second Amendment litigation is extensive.[96] It will assist the presentation of the issues to the Court given its highly successful history of litigating Second Amendment issues, and its deep engagement with the Final Rule.[97] The NRA's ability to contribute its expertise and resources in support of developing underlying fact issues and crafting arguments against the implementation of the Final Rule would be of significant benefit to the Court and Plaintiffs. Such expertise enhances Plaintiffs' ability to assert arguments and challenge the Final Rule from a factual and legal perspective.[98]

---

[94] *Russell v. Harris Co., Tx.*, Civil Action No. H-19-226, 2020 WL 6784238, at *2 (S.D. Tex. Nov. 18, 2020).

[95] *See supra* § III.A.4.

[96] *See* "A More Than Four Decade Brick-By-Brick Restoration And Defense Of Our Second Amendment Freedom," Ex. D [P. App'x 149-52].

[97] Compl. in Intervention, Ex. A, at ¶¶ 14-19, 25-29 [P. App'x 005-08]; Cotton Decl., Ex. B at ¶¶ 5-19 [P. App'x 139-42].

[98] *See 100Reporters LLC v. United States Dep't of Just.*, 307 F.R.D. 269, 286 (D.D.C. 2014) ("Though the Court agrees that the DOJ can represent capably many of the interests asserted by the Monitor, the Court also has

Moreover, the NRA's large membership count necessarily will contribute to the development of the underlying fact issues by providing evidence of the widespread and significant infringement on constitutional rights by the Final Rule.  The NRA has millions of members across the country and hundreds of thousands of members in Texas.  Indeed, Texas is home to approximately 350,000 NRA members.[99]  The wealth of factual knowledge the NRA can bring to bear through its membership will significantly contribute to the development of the case.

**C.**     **The NRA Is Entitled To Injunctive Relief Expanding The Existing Preliminary Injunction By Prohibiting Defendants From Enforcing The Final Rule Against Its Members.**

Given the similarities between the allegations in the Complaint and the Complaint in Intervention, there is no reason to deny the NRA's members the same relief already granted to the members of the SAF.  Although the Court has already found that preliminary injunctive relief is required for Plaintiffs—and, by extension, the NRA and its members—based on the Fifth Circuit's holding in *Mock*, the NRA briefly addresses each element required for injunctive relief.

The decision to extend interlocutory relief is committed to the Court's discretion.[100]  To establish entitlement to a preliminary injunction or an expansion of existing injunctive relief, the NRA must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) that the balance of hardships weighs in their favor; and (4) that the issuance of the preliminary injunction will not disserve the public interest.[101]  The NRA's allegations and evidence demonstrate that: (1) the NRA is likely to succeed on the merits; (2) the

---

found that . . . the strength of the DOJ's position will be enhanced by the assistance of the Monitor (and Siemens) in asserting FOIA withholding arguments generally and Exemption 4 withholding arguments specifically.").

[99] Compl. in Intervention, Ex. A, at ¶ 16 [P. App'x 006]; Cotton Decl., Ex. B at ¶ 9 [P. App'x 140].

[100] *See Miss. Power & Light Co. v. United Gas Pipe Line*, 760 F.2d 618, 621 (5th Cir. 1985).

[101] *See Daniels Health Servs., L.L.C. v. Vascular Health Svcs., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013).

NRA is suffering irreparable harm; (3) the balance of equities tips in the NRA's favor; and (4) the grant of an injunction will not disserve the public interest.[102]   Accordingly, the Court should expand the existing injunction by granting injunctive relief to the NRA and its members.[103]

1.       **The NRA Is Likely To Succeed On The Merits.**

As explained in detail in Plaintiffs' Injunction Motion, success on the merits is likely because: (1) the Final Rule exceeds statutory authority through statutory contradiction; (2) the Final Rule exceeds statutory authority as a result of Defendants' failure to consider relevant Second Amendment factors; (3) the Final Rule unconstitutionally infringes on the Second Amendment; (4) the Final Rule violates the Due Process Clause's vagueness doctrine; and (5) the Final Rule exceeds statutory authority by setting an immediate effective date without complying with 5 U.S.C. § 553(d).[104]

The Fifth Circuit has already implicitly found a likelihood of success on the merits on similar claims through its holdings in *Mock*.[105]   Like Plaintiffs, the NRA is entitled to the same finding.[106]   Indeed, this Court has implicitly held that the *Mock* preliminary injunction should apply to similarly-situated parties who bring similar challenges to the Final Rule.[107]

---

[102] *Winter v. NRDC*, 555 U.S. 7, 20 (2008); *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).

[103] *See Mattox*, 712 F. Supp. at 103-06; *VanDerStok*, 2022 WL 16680915, at *5.

[104] *See* Injunction Mot., Doc. 52 at § I, pp. 9-17.

[105] *See* S.D. Tex. Order at p. 2, n.2.

[106] *See* Order, Doc. 62 at pp. 2-3; Order, Doc. 65 at pp. 2-3 (together noting the same relief afforded to the *Mock* plaintiffs and their members is appropriate here).

[107] *See* Order, Doc. 62 at pp. 2-3; Order, Doc. 65 at p. 3.

2.      **The NRA Is Suffering Irreparable Harm.**

Like Plaintiffs, the NRA and its members are also suffering irreparable harm.[108]  Countless members of the NRA are suffering and will continue to suffer irreparable harm as a result of the Final Rule, because they face felony prosecution and imprisonment if they fail to register, destroy, or modify their firearms.[109]  In addition to these threats, the NRA and its members face irreparable harm by being forced to surrender or destroy their firearms by an ultra vires action without any remedy for damages.[110]

Again, the Court has already implicitly held irreparable harm exists for similarly situated members of the SAF.[111]  The same finding is justified for the NRA and its members.

3.      **The Threatened Injury If An Injunction Is Denied Outweighs Any Harm From Granting The Injunction.**

The threatened injury from denying an injunction is significant and, as illustrated above, in many cases irreparable.[112]  Moreover, Defendants cannot demonstrate any harm from pausing enforcement of the Final Rule and maintaining the status quo that has existed for decades.[113]  As it has already done for Plaintiffs, the Court should make this finding as to the NRA and its members as well.[114]

---

[108] *See* Injunction Mot., Doc. 52 at § II, pp. 17-21.

[109] *See supra*, § II.B.

[110] Final Rule, Regulatory Impact Analysis, Ex. E, at pp. 34-35 (estimating $471.3 million in costs from surrendering firearms, including $2,526 in costs to an average individual and $8,754 to the average federally licensed firearms dealer), Ex. E [P. App'x 187-88].

[111] Order, Doc. 62 at pp. 2-3; Order, Doc. 65 at pp. 2-3.

[112] *See supra*, § II.B.

[113] *See* Injunction Mot., Doc. 52 at § III, pp. 21-22.

[114] Order, Doc. 62 at pp.2-3; Order, Doc. 65 at pp.2-3.

4.      **The Grant Of An Injunction Will Not Disserve The Public Interest.**

Finally, the grant of an injunction to the NRA and its members will not disserve the public interest.[115]  The status quo has been in place for decades, and it serves the public interest to ensure an agency action is lawful.[116]  The Court should reiterate its prior finding that this element has been satisfied as to the NRA and its members.[117]

**IV.**

**CONCLUSION AND REQUEST FOR RELIEF**

Pursuant to Rule 24 of the Federal Rules of Civil Procedure and for the foregoing reasons, the Court should grant the NRA's Motion and permit it to intervene as matter of right, or alternatively permit permissive intervention, so that the NRA can protect is members from the unconstitutional infringement of their rights through the application to them of the Final Rule. Further, the NRA and its members should be granted the same preliminary injunctive relief as the SAF and its members.

---

[115] *See* Injunction Mot., Doc. 52 at § III, pp. 21-22.

[116] *See id.* (citing *Wages & White Lion Invs., LLC v. U.S. Food & Drug Admin.*, 16 F.3d 528, 560 (5th Cir. 2021)).

[117] Order, Doc. 62 at pp. 2-3; Order, Doc. 65 at pp. 2-3.

Dated:  June 6, 2023                           Respectfully submitted,

**BREWER, ATTORNEYS & COUNSELORS**

By: _/s/ William A. Brewer III_
     William A. Brewer III
     State Bar of Texas No. 02967035
     wab@brewerattorneys.com
     Matthew H. Davis
     State Bar of Texas No. 24069580
     mhd@brewerattorneys.com
     Noah Peters (_pro hac vice_ to be filed**)**
     nbp@brewerattorneys.com
     BREWER, ATTORNEYS & COUNSELORS
     1717 Main Street, Suite 5900
     Dallas, TX 75201
     Telephone: (214) 653-4012

**ATTORNEYS FOR PLAINTIFF THE NATIONAL RIFLE ASSOCIATION OF AMERICA**

25

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served via the Court's electronic filing system on this 6th day of June, 2023, upon the following counsel of record:

Charles Flores
(cflores@beckredden.com)
Caleb Rawls
(calebrawls@gmail.com)

*Counsel for Plaintiffs*

Brian Walters Stoltz
(brian.stoltz@usdoj.gov)
Jody D. Lowenstein
Jody.d.lowenstein@usdoj.gov)

*Counsel for Defendants*


*/s/ Matthew H. Davis*
                Matthew H. Davis

26