IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECOND AMENDMENT FOUNDATION, § <br> RAINIER ARMS, LLC, SAMUEL § <br> WALLEY and WILLIAM GREEN, § <br>     Plaintiffs, § <br> § <br> NATIONAL RIFLE ASSOCIATION OF § <br> AMERICA, INC. § <br>     Proposed-Intervenor-Plaintiff, § <br> vs. § <br> § <br> BUREAU OF ALCOHOL, TOBACCO, § <br> FIREARMS AND EXPLOSIVES, STEVEN § <br> DETTELBACH in his official capacity as § <br> Director of the Bureau of Alcohol Tobacco § <br> and Firearms, U.S. DEPARTMENT OF § <br> JUSTICE, and MERRICK GARLAND, in § <br> his official capacity as U.S. Attorney General,§ <br>     Defendants. § | CIVIL ACTION NO.  3:21-CV-0116-B |

**THE NATIONAL RIFLE ASSOCIATION OF AMERICA'S
PARTIALLY UNOPPOSED MOTION FOR EXPEDITED BRIEFING SCHEDULE ON
ITS MOTION TO INTEREVENE AND FOR A
<u>PRELIMINARY INJUNCTION [DOC. 69] AND BRIEF IN SUPPORT</u>**

The National Rifle Association of America (the "NRA") files this Partially Unopposed Motion[1] for an Expedited Briefing Schedule on Its Motion to Intervene and for a Preliminary Injunction [Doc. 69] and Brief in Support (the "Motion") and states the following.

The Court has broad discretion in deciding whether expedited proceedings are appropriate.[2]  It should exercise its broad discretion and order an expedited briefing schedule so

---

[1] As explained in the Motion's Certificate of Conference, Plaintiffs (as defined herein) do not oppose the NRA's requested relief, but Defendants (as defined herein) do.

[2] *GBX Assocs, LLC v. United States*, No. 1:22cv401, 2022 WL 1016218, at *3 (N.D. Ohio Apr. 5, 2022) (noting that courts have "universally held that they have broad discretion in deciding whether expedited proceedings are warranted" when considering requests under Fed. R. Civ. P. 57).

**NATIONAL RIFLE ASSOCATION OF AMERICA'S PARTIALLY UNOPPOSED FOR EXPEDITED
<u>BRIEFING SCHEDULE</u>**

that the NRA's members are afforded the same protections already granted the parties to this case—protections against potential felony prosecution.[3] An expedited briefing schedule does not prejudice any party given the prior rulings in this case and in *Mock v. Garland*,[4] and because injunction proceedings themselves have an "expedited nature."[5] As the Court knows, courts in this district frequently order expedited briefing in connection with preliminary injunction motions when a party requests it.[6]

As explained in the NRA's Partially Unopposed Motion to Intervene and for a Preliminary Injunction [Doc. 69] and the NRA's Brief in Support of Its Partially Unopposed Motion to Intervene and for a Preliminary Injunction [Doc. 70] (together, the "Injunction Motion"), the NRA seeks to intervene in the above-styled action to protect the interests of its members against the infringement of their constitutional rights by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), Steven M. Dettelbach, in his official capacity as Director of the ATF, the United States Department of Justice, and Merrick B. Garland, in his official capacity as Attorney General of the United States (together, "Defendants"). In particular, the NRA seeks to intervene to obtain preliminary, and ultimately permanent, injunctive relief

---

[3] Order, Doc. 62 at pp. 2-3; Order, Doc. 65 at pp. 2-3.

[4] Unpublished Order, No. 23-10319 (5th Cir May 23, 2023), Doc. 52-2; Order, No. 23-10319 (5th Cir. May 26, 2023), Doc. 78-2.

[5] *Midwest Sign & Screen Printing Supply Co. v. Dalpe*, 386 F. Supp. 3d 1037, 1057 (D. Minn. 2019) (recognizing expedited discovery, which the NRA does not seek, "is appropriate . . . when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings").

[6] *Franciscan Alliance, Inc. v. Burwell*, 227 F. Supp. 3d 660, 671 (N.D. Tex. 2016); *Leane v. UnifiedOnline, Inc.*, No. 3:20-CV-3097-B, 2020 WL 6683106, at *2 (N.D. Tex. Nov. 12, 2020); *Cambridge Strategics, LLC v. Cook*, No. 3:10-CV-2167-L, 2010 WL 5139843, at *1 (N.D. Tex. Dec. 17, 2010); *Zen Music Festivals, L.L.C.*, No. CIV.A. 302CV1998D, 2004 WL 1660452, at *1 (N.D. Tex. July 23, 2004); *Evans Consoles Inc. v. Hoffman Video Sys., Inc.*, No. 3:01-CV-1333-P, 2001 WL 36238982, at *1 n. 1 (N.D. Tex. Dec. 6, 2001).

**NATIONAL RIFLE ASSOCATION OF AMERICA'S PARTIALLY UNOPPOSED FOR EXPEDITED BRIEFING SCHEDULE**

restraining Defendants from enforcing the "Factoring Criteria for Firearms with Attached 'Stabilizing Braces'" (the "Final Rule").[7]

Many of the NRA's over four million members are being irreparably harmed by the Final Rule. Pistol braces are extremely common among firearm owners.[8] The Final Rule requires that the many NRA members who own a pistol and a stabilizing brace must either destroy, alter, or register their firearms or pistol braces.[9] If they fail to comply, they face the prospect of felony prosecution, 10 years in prison, and large fines[10] for which they cannot recover if their claims under the Administrative Procedure Act are successful.[11] That harm exists until the Court ultimately considers and rules on the Injunction Motion.

Thus, expedited briefing is necessary to preserve the rights of the NRA's members, given that their constitutional rights are threatened by enforcement of the Final Rule against them.[12] Indeed, the Fifth Circuit in *Mock* has implicitly found as much by ordering expedited briefing in that appeal at the same time it granted a preliminary injunction.[13]

---

[7] *See* Final Rule issued by the Bureau of Alcohol, Tobacco, Firearms and Explosives of the U.S. Department of Justice on Jan. 31, 2023, 88 Fed. Reg. 6478, 6574 (Jan. 31, 2023).

[8] Congressional Research Service, "Handguns, Stabilizing Braces, and Related Components" (Apr. 19, 2021, available at https://crsreports.gov/product/pdf/IF/IF11763), Doc. 71-1 [P. App'x 251].

[9] Compl. in Intervention, Doc. 71-1 at ¶ 17 [P. App'x 006]; Decl. of Charles Cotton ("Cotton Decl."), Doc. 71-1 at ¶ 10 [P. App'x 140]; Decl. of Dr. Carl Carlson, Doc. 71-1 at ¶¶ 5-7 [P. App'x 146].

[10] Compl. in Intervention, Doc. 7101 at ¶ 10 [P. App'x 004]; Cotton Decl., Doc. 71-1 at ¶ 12 [P. App'x 141].

[11] 5 U.S.C. § 702; *Castella v. Army & Air Force Exch. Serv.*, 657 F. Supp. 25, 27 (N.D. Tex. 1986) ("APA confers jurisdiction on a District Court only with respect to non-monetary claims."); *see also Wages & White Lion Invs., L.L.C. v. United States Food & Drug Admin.*, 16 F.4th 1130, 1142 (5th Cir. 2021) (financial injury is irreparable when damages cannot be recovered.).

[12] *See Antonyuk v. Nigrelli,* 143 S.Ct. 481 (2023) (opinion of Alito, J., respecting denial of application to vacate stay) (in Second Amendment challenge to New York gun licensing rules, urging that lower courts should order expedited briefing).

[13] Unpublished Order, *Mock v. Garland*, No. 23-10319, Doc. 52-2 (May 23, 2023) ("IT IS ORDERED that the appeal is EXPEDITED to the next available Oral Argument Calendar.") (emphasis in original).

**NATIONAL RIFLE ASSOCATION OF AMERICA'S PARTIALLY UNOPPOSED FOR EXPEDITED BRIEFING SCHEDULE**

In addition to the irreparable harm to the NRA's members, expedited consideration is especially appropriate here because the Court has already ruled on the very issues presented in the Injunction Motion. As the Court previously recognized, the Fifth Circuit has already enjoined application of the Final Rule against the plaintiffs in *Mock*,[14] and found that the same relief granted to the *Mock* plaintiffs is appropriate here, i.e. preliminary injunctive relief as to, among others, the Second Amendment Foundation (the "SAF") and its members.[15] The NRA's Injunction Motion seeks the same protection for its similarly situated members based on similar legal theories to SAF and to the plaintiffs in *Mock*.[16] Extensive briefing on these already decided issues is unnecessary and counterproductive.[17]

Indeed, in light of *Mock* and this Court's prior injunction order in this case, the issues presented by the Injunction Motion are largely legal issues, i.e. whether the existing injunction should be expanded to include the NRA's members, based on a simple factual determination of whether the NRA's members are similarly situated to the SAF's members. A cursory comparison of the Complaint in Intervention to Plaintiffs' Complaint reveals substantial similarity between the SAF's members and their interests and the NRA's members and their interests.[18] Expedited proceedings are "appropriate 'where the determination is largely one of

---

[14] No. 23-10319 (5th Cir 2023).

[15] Order, Doc. 62 at pp. 2-3; Order, Doc. 65 at pp. 2-3.

[16] *See* Brief In Support of Partially Unopposed Motion to Intervene and for a Preliminary Injunction ("Brief"), Doc. 70 at §§ II.B. & III.C., pp. 4-5 & 21-24.

[17] *See Conyers v. Garrett*, No. 22-11152, 2022 WL 1913598, at *1 (E.D. Mich. June 3, 2022) (recognizing expedited briefing was "necessary" based on imminent harm related to timing of ballot printing).

[18] *Compare* Compl. in Intervention, Doc. 71-1 at ¶¶ 12-18, Ex. 1 [P. App'x 005-006, 037] *with* Compl., Doc. 50, ¶¶ 6-10, 17-21.

<u>NATIONAL RIFLE ASSOCATION OF AMERICA'S PARTIALLY UNOPPOSED FOR EXPEDITED BRIEFING SCHEDULE</u>

law, and factual issues . . . are not predominant."[19] Moreover, "'expedited proceedings are especially warranted where there are imminent or ongoing violations of important rights' or the [party] shows 'the need for urgency.'"[20] The NRA's Injunction Motion provides a detailed explanation regarding the "ongoing violations of important rights" arising from the implementation of the Final Rule and asks this Court to enjoin those violations as it has already done in this case and as the Fifth Circuit has already done in *Mock*.[21]

The straightforward factual issues, predominantly legal questions, and "ongoing violations of important rights" necessitate expedited briefing and consideration.[22]

## REQUEST FOR RELIEF

Because the NRA seeks the same relief this Court has already found necessary and appropriate as to the SAF and its members in this case, the Court should grant the NRA's Motion and set an expedited briefing schedule as follows: (1) Defendants' response to the Injunction Motion shall be due on June 15, 2023; and (2) the NRA's reply in support of the Injunction Motion shall be due on June 19, 2023. This expedited schedule provides Defendants' ample opportunity to respond to the Injunction Motion while also recognizing that the Court has already considered the narrow legal issues arising from the Fifth Circuit's decision in *Mock*.

---

[19] *GBX Assocs*, 2022 WL 1016218, at *3 (evaluating request for expedited consideration under Fed. R. Civ. P. 57); *see also GEC US 1 LLC v. Frontier Renewables, LLC*, Case No. 16-cv-14276 YGR, 2016 WL 3345456, at *6 (N.D. Cal. June 6, 2016) (in evaluating motion for speedy hearing under Rule 57, evaluating "whether the facts are relatively undisputed" is appropriate); *Allergan, Inc. v. Valeant Pharm. Int'l, Inc.*, No. SACV 14-1214 DOC (ANx), 2014 WL 4181457, at *3 (C.D. Cal. Aug. 21, 2014) (same).

[20] *GBX Assocs*, 2022 WL 1016218, at *3 (quoting *County of Butler v. Wolf*, Civ. Action No. 2:20-cv-677, 2020 WL 2769105, at *2 (W.D. Pa. May 28, 2020)).

[21] *See generally* Brief, Doc. 70

[22] *See GBX Assocs*, 2022 WL 1016218, at *3.

**NATIONAL RIFLE ASSOCATION OF AMERICA'S PARTIALLY UNOPPOSED FOR EXPEDITED BRIEFING SCHEDULE**

Page 5

Dated:  June 8, 2023

Respectfully submitted,

**BREWER, ATTORNEYS & COUNSELORS**

By: */s/ William A. Brewer III*
William A. Brewer III
wab@brewerattorneys.com
Matthew H. Davis
mhd@brewerattorneys.com
Noah Peters (*pro hac vice* to be filed**)**
nbp@brewerattorneys.com
BREWER, ATTORNEYS & COUNSELORS
1717 Main Street, Suite 5900
Dallas, TX 75201
Telephone: (214) 653-4012

**ATTORNEYS FOR PLAINTIFF THE NATIONAL RIFLE ASSOCIATION OF AMERICA**

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for the NRA conferred with counsel for Plaintiffs on June 7, 2023, and counsel for Defendants on June 8, 2023, regarding the relief requested in this Motion. Plaintiffs are unopposed to the relief requested herein.  Defendants are opposed to the relief requested herein.

*/s/ Matthew H. Davis*
Matthew H. Davis

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served via the Court's electronic filing system on this 8th day of June, 2023, upon the following counsel of record:

| | |
|---|---|
| Charles Flores (cflores@beckredden.com) Caleb Rawls (calebrawls@gmail.com) | Brian Walters Stoltz (brian.stoltz@usdoj.gov) Jody D. Lowenstein (Jody.d.lowenstein@usdoj.gov) |
| *Counsel for Plaintiffs* | *Counsel for Defendants* |

                                           /s/ Matthew H. Davis
                                              Matthew H. Davis