**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECOND AMENDMENT FOUNDATION,** | § | |
| **RAINIER ARMS, LLC, SAMUEL** | § | |
| **WALLEY and WILLIAM GREEN,** | § | |
| Plaintiffs, | § | |
| | § | |
| **NATIONAL RIFLE ASSOCIATION OF** | § | |
| **AMERICA, INC.** | § | |
| Proposed-Intervenor-Plaintiff, | § | |
| **vs.** | § | **CIVIL ACTION NO.  3:21-CV-0116-B** |
| | § | |
| **BUREAU OF ALCOHOL, TOBACCO,** | § | |
| **FIREARMS AND EXPLOSIVES, STEVEN** | § | |
| **DETTELBACH in his official capacity as** | § | |
| **Director of the Bureau of Alcohol Tobacco** | § | |
| **and Firearms, U.S. DEPARTMENT OF** | § | |
| **JUSTICE, and MERRICK GARLAND, in** | § | |
| **his official capacity as U.S. Attorney General,** | § | |
| Defendants. | § | |

**THE NATIONAL RIFLE ASSOCIATION OF AMERICA'S**
**REPLY IN SUPPORT OF PARTIALLY UNOPPOSED MOTION FOR EXPEDITED**
**BRIEFING SCHEDULE**

The National Rifle Association of America (the "NRA") files this Reply in Support of

Partially Unopposed Motion for an Expedited Briefing (the "Motion") and states the following.

**A.     The Need For Expedited Briefing Arises From The Recently Revealed Scope Of The**
**Existing Injunctions, Not Any Delay By The NRA.**

Defendants' Opposition to Putative Intervenor's Motion for Expedited Briefing Schedule

(the "Opposition")[1] overlooks the allegations and arguments in both the NRA's Injunction Motion[2]

---

[1] Doc. 75.

[2] As defined in the Motion.  Doc. 73 (referring to Doc. 69 & Doc. 70 as the "Injunction Motion").

**NATIONAL RIFLE ASSOCATION OF AMERICA'S REPLY IN SUPPORT OF PARTIALLY**
**UNOPPOSED FOR EXPEDITED BRIEFING SCHEDULE**

and the Motion.  Defendants note that the Final Rule was published on January 31, 2023.[3]  But, as explained in the Injunction Motion and again in the Motion, the NRA had no notice of the narrow scope of the injunctions that would be entered by the Fifth Circuit in *Mock v. Garland*[4] or by this Court until the respective orders were actually entered beginning on May 23, as to *Mock*, and ending on May 31, as to this Court.  The reason for the lack of notice, again as explained in the NRA's Injunction Motion and Motion, is simple: the parties in *Mock*, this Court, and other court challenges to the Final Rule sought nationwide relief.  Defendants now seek to punish the NRA for not needlessly multiplying existing litigation by filing a separate action.

Only with the entry of the preliminary injunctions **beginning on May 23** could the NRA have had any knowledge that its members' interests would not be protected by the pending cases. Within two weeks of learning, for the first time, that there was a risk of its members not being adequately protected by existing cases and just over a week after this Court clarified the scope of its preliminary injunction, the NRA sought to intervene here.[5]  And within two days of requesting intervention and entry of the same preliminary injunction already granted by this Court, the NRA requested an expedited briefing schedule.[6]

B.       **The Threat To The NRA's Members Is Substantial And Imminent.**

As explained at length in the Injunction Motion and Motion, many of the NRA's over four million members are being irreparably harmed by the Final Rule.  That harm exists until the Court ultimately considers and rules on the Injunction Motion.  The threat of prosecution is not "of the

---

[3] Opposition, Doc. 75 at p. 2.

[4] No. 23-10319 (5th Cir 2023).

[5] *See* Doc. 69, Doc. 70.

[6] *See* Doc. 73.

NATIONAL RIFLE ASSOCATION OF AMERICA'S REPLY IN SUPPORT OF PARTIALLY UNOPPOSED FOR EXPEDITED BRIEFING SCHEDULE

NRA's own making,"[7] but of Defendants'.  The threat of enforcement is not "purported," but imminent and very real to the NRA's members.[8]  This is exactly why the Fifth Circuit in *Mock* ordered expedited briefing in that appeal at the same time it granted a preliminary injunction.[9]  If Defendants are suggesting there is no real threat of enforcement, they should voluntarily agree to expansion of the preliminary injunction to the NRA's members.

**C.      Defendants' Conclusory Assertion Of Prejudice Is Without Merit.**

As explained in the Injunction Motion and Motion, the Court has already ruled on the very issues presented in the Injunction Motion.  This Court previously recognized that the Fifth Circuit has already enjoined application of the Final Rule against the plaintiffs in *Mock*.[10] And it found that the same relief granted to the *Mock* plaintiffs is appropriate here, i.e. preliminary injunctive relief as to, among others, the Second Amendment Foundation (the "SAF") and its members.[11]  The NRA's Injunction Motion seeks the same protection for its similarly situated members based on similar legal theories to SAF and to the plaintiffs in *Mock*.[12]  Extensive briefing on these already decided issues is unnecessary and counterproductive.[13]  Defendants offer nothing more than a

---

[7] Opposition, Doc. 75 at p. 2.

[8] *Id.*

[9] Unpublished Order, *Mock v. Garland*, No. 23-10319, Doc. 52-2 (May 23, 2023) ("IT IS ORDERED that the appeal is EXPEDITED to the next available Oral Argument Calendar.") (emphasis in original).

[10] No. 23-10319 (5th Cir 2023).

[11] Order, Doc. 62 at pp. 2-3; Order, Doc. 65 at pp. 2-3.

[12] *See* Brief In Support of Partially Unopposed Motion to Intervene and for a Preliminary Injunction ("Brief"), Doc. 70 at §§ II.B. & III.C., pp. 4-5 & 21-24.

[13] *See Conyers v. Garrett*, No. 22-11152, 2022 WL 1913598, at *1 (E.D. Mich. June 3, 2022) (recognizing expedited briefing was "necessary" based on imminent harm related to timing of ballot printing).

**NATIONAL RIFLE ASSOCATION OF AMERICA'S REPLY IN SUPPORT OF PARTIALLY UNOPPOSED FOR EXPEDITED BRIEFING SCHEDULE**

conclusory assertion that they need 21 days to re-argue issues already established by the law of the case.[14]

## REQUEST FOR RELIEF

The Court has already considered the narrow legal issues arising from the Fifth Circuit's decision in *Mock* and applied them in this case.  The NRA's Injunction Motion simply asks that the Court apply the law of the case to its members.  The Court should set an expedited briefing schedule related to the NRA's straightforward, narrow request.

Dated:  June 8, 2023                                        Respectfully submitted,

**BREWER, ATTORNEYS &
COUNSELORS**


By: */s/ William A. Brewer III*
       William A. Brewer III
       wab@brewerattorneys.com
       Matthew H. Davis
       mhd@brewerattorneys.com
       Noah Peters (*pro hac vice* to be filed**)**
       nbp@brewerattorneys.com
       BREWER, ATTORNEYS &
       COUNSELORS
       1717 Main Street, Suite 5900
       Dallas, TX 75201
       Telephone: (214) 653-4012


       **ATTORNEYS FOR PLAINTIFF THE
       NATIONAL RIFLE ASSOCIATION OF
       AMERICA**

---

[14] Moreover, Defendants' filing of their Opposition just over three hours after the NRA filed for expedited relief suggests that a week would be ample time to respond to the Injunction Motion.

**NATIONAL RIFLE ASSOCATION OF AMERICA'S REPLY IN SUPPORT OF PARTIALLY
UNOPPOSED FOR EXPEDITED BRIEFING SCHEDULE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via the Court's electronic filing system on this 8th day of June, 2023, upon the following counsel of record:

Charles Flores
(cflores@cfloreslaw.com)
Caleb Rawls
(calebrawls@gmail.com)

*Counsel for Plaintiffs*

Brian Walters Stoltz
(brian.stoltz@usdoj.gov)
Jody D. Lowenstein
Jody.d.lowenstein@usdoj.gov)

*Counsel for Defendants*


*/s/ Matthew H. Davis*
Matthew H. Davis