IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECOND AMENDMENT FOUNDATION, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, *et al.*, <br><br> *Defendants*. | No. 3:21-cv-0116-B |

**DEFENDANTS' CONSENT MOTION FOR EXTENSION OF TIME
TO RESPOND TO COMPLAINT**

Defendants respectfully move for an extension of time to file their response to Plaintiffs' First Amended Complaint, ECF No. 50, which is currently due on June 15, 2023, *see* ECF No. 49. Defendants have conferred with Plaintiffs, and Plaintiffs consent to the requested relief.

Plaintiffs filed an amended complaint on February 17, 2023, challenging a rule promulgated by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), *Factoring Criteria for Firearms With Attached "Stabilizing Braces,"* 88 Fed. Reg. 6,478 (Jan. 31, 2023) ("Rule"). Two weeks later, Plaintiffs filed a motion for a preliminary injunction, seeking to enjoin ATF from enforcing the Rule. *See* ECF No. 51.

In March 2023, the district court in *Mock v. Garland*, No. 4:23-cv-95 (N.D. Tex.), denied the plaintiffs' motion to preliminarily enjoin ATF from enforcing the Rule, holding that the plaintiffs had not demonstrated a "substantial likelihood of success on the merits of any of their claims." *See* No. 4:23-cv-95, 2023 WL 2711630, at *1 (N.D. Tex. Mar. 30, 2023). The plaintiffs appealed that order, and several weeks later moved for an injunction pending appeal in the Fifth Circuit. *See Mock v. Garland*,

No. 23-10319 (5th Cir. May 17, 2023), ECF No. 25-1. On May 23, 2023, a motions panel of the Fifth Circuit granted the plaintiffs' request for an injunction pending appeal in an unpublished order. *Id.*, ECF No. 52-2.

On May 25, 2023, this Court granted Plaintiffs "a preliminary injunction . . . pending resolution of the expedited appeal in *Mock*." *See* ECF No. 62. The Court concluded that Plaintiffs were entitled to the "same relief" that the Fifth Circuit granted the plaintiffs in *Mock*, because both groups of plaintiffs "challeng[e] the Rule . . . on similar grounds" and submitted "substantially similar" motions for preliminary relief. *Id.* But the Court limited the preliminary injunction only for the duration of the appeal in *Mock*, given that the Fifth Circuit's "resolution of that appeal will almost certainly affect . . . the Court's decision on" Plaintiffs' motion for preliminary relief.

Because the Fifth Circuit's decision in *Mock* will also likely provide significant guidance for resolving this case on the merits, Defendants have moved to stay further proceedings in this matter pending the Fifth Circuit's resolution of the expedited appeal in *Mock*. *See* ECF No. 80. Plaintiffs have indicated that they intend to oppose Defendants' stay motion. Defendants therefore respectfully request that the Court extend the deadline to respond to Plaintiffs' complaint until after the Court has resolved Defendants' stay motion. Specifically, Defendants request that their response deadline be extended until two weeks after either (i) any stay is lifted, or (ii) the Court denies the stay motion.

There is good cause to grant this request. If Defendants' response deadline is not extended, they will need to prepare a response to Plaintiffs' complaint before the Court has an opportunity to decide their stay motion, and thus would be denied a portion of the relief they seek in that motion. Moreover, Plaintiffs would not be prejudiced by Defendants' proposed extension because they would be protected by this Court's preliminary injunction for the extension's short duration.

For these reasons, Defendants respectfully request that the Court extend their deadline to respond to Plaintiffs' complaint until two weeks after either (1) any stay is lifted, or (2) the Court

denies Defendants' motion to stay proceedings in this case.

Dated: June 13, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

/s/ Jody D. Lowenstein
JODY D. LOWENSTEIN (MT Bar No. 55816869)
MICHAEL DREZNER (VA Bar No. 83836)
TAYLOR PITZ (CA Bar No. 332080)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 598-9280
Email: jody.d.lowenstein@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF CONFERENCE

The parties conferred about the relief requested herein, and Plaintiffs consent to the requested relief.

*/s/ Jody D. Lowenstein*
JODY D. LOWENSTEIN
Trial Attorney
U.S. Department of Justice

## CERTIFICATE OF SERVICE

On June 13, 2023, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the Court's electronic case filing system. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Jody D. Lowenstein*
JODY D. LOWENSTEIN
Trial Attorney
U.S. Department of Justice