UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECOND AMENDMENT FOUNDATION, INC.; RAINIER ARMS, LLC; SAMUEL WALLEY; and WILLIAM GREEN; | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:21-CV-0116-B |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; STEVEN M. DETTELBACH, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives; UNITED STATES DEPARTMENT OF JUSTICE; and MERRICK B. GARLAND, in his official capacity as Attorney General of the United States; | § § § § § § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Stay Proceedings (Doc. 80). Because the Court finds a stay is appropriate in this case pending the Fifth Circuit's decision in *Mock v. Garland*, No. 23-10319 (5th Cir. filed Mar. 31, 2023), the Court **GRANTS** the Motion (Doc. 80). This case is **STAYED** pending further order from the Court.

### I.

### BACKGROUND

As laid out in greater detail in the Court's prior orders, this case is not occurring in isolation. *See* Doc. 85, Mem. Op. & Order, 2–3; Doc. 62, Order, 2. On appeal to the Fifth

Circuit is a substantially similar case, *Mock v. Garland*, No. 23-10319 (5th Cir. filed Mar. 31, 2023). In *Mock*, two Texas residents, a firearms accessories manufacturer and retailer, and a member-based nonprofit organization are seeking a preliminary injunction to prevent enforcement of the same agency rule in dispute here. *See Mock v. Garland*, 2023 WL 2711630, *3 (N.D. Tex. Mar. 30, 2023) (O'Connor, J.), *appeal filed*, No. 23-10319 (5th Cir. Mar. 31, 2023).

The Court previously issued a preliminary injunction against Defendants in this case "pending resolution of the expedited appeal in *Mock v. Garland*." Doc. 62, Order. Briefing is now complete in *Mock*, and the Fifth Circuit held oral argument on June 29, 2023. Minute Entry, *Mock v. Garland*, No. 23-10319 (5th Cir. June 29, 2023), Doc. 145. Defendants now move to stay the proceedings in this case pending the Fifth Circuit's decision.

## II.

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This power extends to staying a case "when a related case with substantially similar issues is pending before a court of appeals." *Greco v. Nat'l Football League*, 116 F. Supp. 3d 744, 761 (N.D. Tex. 2015) (Lynn, J.); *accord Trinity Indus., Inc. v. 188 L.L.C.*, 2002 WL 1315743, at *3 (N.D. Tex. June 13, 2002) (Sanders, J.). However, the Court must carefully consider the competing interests and exercise this power with moderation. *Landis*, 299 U.S. at 254–55, 257.

## III.

## ANALYSIS

The Court finds that a brief stay is appropriate in this case. As the Court recognized in its preliminary injunction order, "the resolution of [the *Mock*] appeal will almost certainly affect, if not control, the Court's decision" in this case. Doc. 62, Order, 2. And while Plaintiffs in this case raise some arguments not raised in *Mock*, the issues significantly overlap. Simply put, waiting for the Fifth Circuit's resolution of *Mock* will almost certainly avoid duplicative efforts and unnecessary litigation here.

Additionally, the prejudice to Plaintiffs is minimal. First, the stay is likely to be short, as a decision in *Mock* is imminent. The Fifth Circuit granted an expedited appeal and heard oral argument on the case over a week ago. Second, Plaintiffs are currently protected by the Court's preliminary injunction order, which prevents enforcement of the agency rule against Plaintiffs. The Court acknowledges that the preliminary injunction as to Plaintiffs is not the complete relief requested in this case, *see* Doc. 87, Resp., 3, but that type of prejudice is inherent to any stay and is not significant enough to overcome the benefits of judicial economy.

## IV.

## CONCLUSION

Accordingly, on balance, the Court finds that the efficiencies to be gained from a short stay far outweigh the minimal prejudice to Plaintiffs. The Court therefore **GRANTS** the Motion to Stay Proceedings (Doc. 80) and **STAYS** this case pending the Fifth Circuit's decision in *Mock v. Garland*, No. 23-10319 (5th Cir. filed Mar. 31, 2023) and further order from this Court.

SO ORDERED.

SIGNED: July 10, 2023.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE