UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECOND AMENDMENT FOUNDATION, INC.; RAINIER ARMS, LLC; SAMUEL WALLEY; and WILLIAM GREEN, | § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:21-CV-0116-B |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES; STEVEN M. DETTELBACH, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives; UNITED STATES DEPARTMENT OF JUSTICE; and MERRICK B. GARLAND, in his official capacity as Attorney General of the United States, | § § § § § § § § § § § § § | |
| Defendants. | § | |

## STATUS REPORT ORDER

As stated many times, "this case is not occurring in isolation." *E.g.*, Doc. 85, Mem. Op. & Order, 2; Doc. 89, Mem. Op. & Order, 1. Several other pending cases present similar challenges to the agency action at issue in this case.[1] The Court has highlighted one of those cases in particular, *Mock v. Garland*, because the case raised "substantially similar" issues, and the district court's denial of a preliminary injunction in that case was pending before the Fifth Circuit. *E.g.*,

---

[1] *See, e.g.*, *Mock v. Garland*, No. 4:23-CV-0095 (N.D. Tex.) (O'Connor, J.); *Britto v. ATF*, No. 2:23-CV-0019 (N.D. Tex.) (Kacsmaryk, J.); *Nat'l Rifle Ass'n of Am., Inc. v. ATF*, No. 3:23-CV-1471 (N.D. Tex.) (Lindsay, J.); *Watterson v. ATF*, No. 4:23-CV-0080 (E.D. Tex.); *Texas v. ATF*, No. 6:23-CV-0013 (S.D. Tex.); *see also Firearms Regulatory Accountability Coal., Inc. v. Garland*, No. 1:23-CV-0024 (D.N.D.); *Miller v. Garland*, No. 1:23-CV-0195 (E.D. Va.); *Colon v. ATF*, 8:23-CV-0223 (M.D. Fla.).

Doc. 85, Mem. Op. & Order, 3; Doc. 62, Order, 2. While *Mock* was pending on appeal, the Fifth Circuit issued a preliminary injunction "as to the Plaintiffs in th[at] case." *See* Order at 2, *Mock v. Garland*, No. 23-10319 (5th Cir. May 23, 2023), Doc. 52-2; Order at 2, *Mock v. Garland*, No. 23-10319 (5th Cir. May 26, 2023), Doc. 78-2. Following the Fifth Circuit's preliminary injunction, this Court also issued a preliminary injunction "pending resolution of the expedited appeal in *Mock*." Doc. 62, Order, 2–3. The Court later granted a stay of proceedings, also "pending the Fifth Circuit's decision in *Mock*." Doc. 89, Mem. Op. & Order, 3.

On August 1, 2023, the Fifth Circuit handed down its decision. *Mock v. Garland*, 75 F.4th 563 (5th Cir. 2023). Reversing and remanding for further proceedings, the Fifth Circuit indicated that its injunction "will expire 60 days from the date of this decision, or once the district court rules on a preliminary injunction, whichever occurs first." *Id.* at 588.

In light of the *Mock* decision, the Court **ORDERS** the parties to provide a status report on how they wish to proceed. Specifically, the parties should detail *Mock*'s effect, if any, on (1) the Plaintiffs' Motion for Preliminary Injunction (Doc. 51), (2) the Court's preliminary injunction currently in place "pending *Mock*," and (3) the Court's order staying proceedings also "pending *Mock*." The parties are **ORDERED** to provide the status report or other briefing by **Monday, September 4, 2023.**

SO ORDERED.

SIGNED: August 24, 2023.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE